**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MI A LOWE,

           Plaintiff,

    v.

MAO IZAKAYA & SUSHI LLC, et al.,

           Defendants.

Case No.  26-cv-00449-BLF

**ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY**

[Re:  ECF No. 28]

Before the Court is Plaintiff Mi A Lowe's motion for leave to conduct limited expedited discovery concerning the alleged fraudulent transfer of assets, ongoing dissipation of assets through a sham divorce proceeding, and Defendants' production of forged judicial documents. ECF No. 28 ("Mot"); *see also* ECF No. 57 ("Reply").  Two groups of Defendants oppose the motion.  ECF No. 33 (Opposition filed by Myeong Rang Kim); ECF No. 47 (Opposition filed by Oh Dublin, Inc., Jiwoon Yang, and Chi Young Moon).  In their opposition to Plaintiff's administrative motion to advance the hearing, Defendants Mao Izakaya & Sushi LLC, Anthony An, Heyou R. Lin and Changha Hwang argued that the instant motion lacks merit, which the Court will construe as an opposition.  ECF No. 44.  Hana Escrow Company, Inc., and Jaehyuk Yang [1] did not submit any response.  The Court previously determined that this motion was suitable for resolution without oral argument and vacated the hearing.  ECF No. 53.  For the reasons that follow, Plaintiff's motion is DENIED without prejudice.

## I.    BACKGROUND

This putative class action arises out of allegations of wage theft followed by the fraudulent

---

[1] According to the docket, Defendant Jaehyuk Yang has not been served and has not appeared in the case.

transfer of assets, impacting roughly 60 hourly employees of a restaurant, Defendant Mao Izakaya & Sushi LLC (the "Restaurant"). *See* ECF No. 1 ("CAC") ¶ 5. Defendant Anthony An and his wife Defendant Myeong Rang Kim are the members and managers of the Restaurant. Declaration of Brian H. Song, ECF No. 28-1 ("Song Decl.") ¶¶ 2–3 & Exs. H–I. Ms. Lowe was employed by the Restaurant as a non-exempt chef from approximately June 1, 2022, to October 21, 2022, and from April 13, 2023, to May 31, 2023. CAC ¶ 21. She initially brought a claim for unpaid wages against the Restaurant, An, and Kim, and several other defendants in state court, which resulted in a $50,000 settlement. Song Decl. ¶¶ 5–6 & Exs. J & K. Plaintiff asserts that rather than honoring the settlement, Defendants initiated a scheme to hide assets. First, the restaurant business was transferred to a second group of defendants. CAC ¶ 116. Second, An and Kim commenced an allegedly sham divorce proceeding to freeze their assets. Song Decl. ¶¶ 9–10 & Exs. A–C. According to Plaintiff, Defendants have "actively transmitted demonstrably forged court documents—including a fabricated divorce certificate" in an attempt to "feign insolvency." Mot. at 4; *see also* Song Decl. ¶¶ 10, 14 & Exs. B–C, F.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure generally prohibit a party from seeking discovery before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause exists, courts consider: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* The party seeking expedited discovery bears the burden of demonstrating good cause. *Id.*

## III.   DISCUSSION

Plaintiff seeks expedited discovery regarding the alleged fraudulent transfer of assets,

ongoing dissipation of assets through a sham divorce proceeding, and Defendants' production of forged judicial documents. Plaintiff also seeks discovery directed to third parties with knowledge of these transfers. In opposition, Kim contends that the motion is based on unsupported allegations of fraudulent conduct and expedited discovery would impose an unnecessary burden on her. ECF No. 33 at 2–4. Oh Dublin, Inc., Yang, and Moon argue that Plaintiff's broad requests are not narrowly tailored to an immediate emergency, result from Plaintiff's own lack of diligence in the prior state court litigation, and are unjustified by extraordinary circumstances or a risk of irreparable harm. ECF No. 47 at 3–5. The Restaurant, An, Lin, and Hwang urge that Plaintiff has not shown that any delay in discovery would increase the likelihood that assets will be beyond reach or impact the integrity of the evidentiary record. ECF No. 44 at 2. The Court considers each good cause factor in turn.

### A.    Whether a Preliminary Injunction is Pending

No motion for a preliminary injunction is pending, which weighs against granting the motion. Plaintiff asserts that, "[i]f warranted, Plaintiff will seek to impose injunctive relief following expedited discovery." Mot. at 8. But "Plaintiff has not clearly shown that the information [she] seeks is needed on an expedited basis to obtain a preliminary injunction," *Rovio*, 907 F. Supp. 2d at 1099–1100, including because she has already identified the Defendants responsible for the allegedly wrongful conduct and, as the Court explains below, she "has not established that Defendants are predisposed to destroy or hide evidence." *Id.* at 1100.

### B.    Breadth of the Discovery Request

Plaintiff characterizes the expedited discovery requests as "narrowly tailored." Mot. at 4. The Court disagrees. As Defendants argue, "Plaintiff seeks expansive access to personal financial records and communications dating back to 2023," and "such broad requests are not narrowly tailored to any immediate emergency." ECF No. 47 at 4. Indeed, Plaintiff seeks to serve seven interrogatories on Defendants, some of which are quite broad. For example, Plaintiff intends to request "revenues of Mao LLC both cash and credit card receipts," but does not identify any date range or explain why this discovery would be relevant to the alleged hiding of assets. Mot. at 8. Plaintiff also seeks seven requests for production from Defendants, which are likewise expansive.

United States District Court
Northern District of California

For instance, Plaintiff proposes to request "[f]inancial statements and bank records, including asset lists, of Mao LLC, Anthony An, and Myeong Rang Kim from July 1, 2023[,] to the present." Mot. at 9. Finally, Plaintiff seeks third party discovery on a sizeable list of categories of third parties regarding vaguely defined topics, such as "[t]he transfer, dissipation, and/or concealment of the restaurant business or its assets." Mot. at 9–10. The sheer amount of proposed discovery establishes that the discovery plan is not narrowly tailored, let alone relevant and proportional to the needs of the case. Nor does Plaintiff describe why she needs each proposed category of discovery beyond general accusations of bad faith conduct on the part of the Defendants. In sum, the breadth of the proposed discovery plan weighs against a finding of good cause.

### C.    Purpose of the Expedited Discovery Request

Plaintiff urges that expedited discovery is "necessary to preserve evidence" given Defendants' allegedly "brazen fabrication of court documents," that gives rise to "an extreme risk of spoliation." Mot. at 7. While such assertions, if proven, would weigh in favor of granting Plaintiff's motion, the Court finds that Plaintiff's sweeping accusations of wrongful conduct are not supported by the evidence.

Plaintiff's primary basis for her argument that Defendants are acting in bad faith is that An and Kim commenced a divorce proceeding shortly after signing the settlement agreement, and, "[j]ust from the look of it, the whole proceeding appears to be a ruse" to avoid making good on the settlement. Song Decl. ¶ 7. Plaintiff supports her analysis by attaching allegedly forged court documents. *See* Song Decl. ¶¶ 10, 14–16 (describing attachments transmitted by Defendants as "crudely forged," "apparently forged," "evident[ly] . . . a forged document," and "patently forged"). Plaintiff's repeated charges of bad faith and forgery of a judge's signature are serious. But they are conclusory. The Court has reviewed the exhibits and does not find them to be obviously falsified. Nor does the Court conclude from Plaintiff's papers that the divorce proceeding is a "ruse." To the contrary, Kim attached a restraining order to her opposition, demonstrating that the relationship between Kim and An is likely legitimately adversarial. ECF No. 33, Ex. A. In sum, Plaintiff's submissions give the Court no reason to believe that the Parties will not comply with their obligations to preserve potentially relevant evidence and otherwise act

United States District Court
Northern District of California

4

in good faith. *See United States v. Maxxam, Inc.*, No. 06–cv-07497-CW-JCS, 2009 WL 817264, at *7 (N.D. Cal. Mar. 27, 2009).

### D.    Burden on Defendants to Comply with the Requests

The request for expedited discovery would impose a significant burden on Defendants because Plaintiff seeks a significant amount of discovery and proposes giving Defendants only 21 days to respond. The Court finds that this factor weighs against good cause.

### E.    How Far in Advance of the Typical Discovery Process the Request Was Made

Generally, discovery does not commence until after the Rule 26(f) conference. Fed. R. Civ. P. 26(f). Here, the Rule 26(f) conference is set for July 23, 2026. ECF No. 39. The delay of more than three months is substantial, and thus weighs slightly in favor of a finding of good cause.

*                *                *

On balance, Plaintiff has not demonstrated good cause to justify such an expansive discovery plan on an expedited timeline. The Court concludes that "[w]hile Plaintiff may ultimately be entitled to much of the discovery [she] seeks later in this case, [she] has failed to demonstrate that expedited discovery is appropriate at this juncture." *Rovio*, 907 F. Supp. 2d at 1100. Accordingly, the Court denies Plaintiff's request for expedited discovery without prejudice to refiling a more narrowly tailored request.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for expedited discovery is DENIED without prejudice.

Dated: April 21, 2026

_____
BETH LABSON FREEMAN
United States District Judge