UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MI A LOWE,

          Plaintiff,

     v.

MAO IZAKAYA & SUSHI LLC, and others,

          Defendants.

Case No. 26-cv-00449-NC

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: ECF 48

Before the Court is Defendant Hana Escrow Company, Inc.'s (HEC) Motion to Dismiss Plaintiff's Complaint.  HEC argues Plaintiff Lowe cannot state a claim for breach of fiduciary duty because HEC was unaware of Lowe's potential claim against Defendant Mao Izakaya & Sushi LLC.  For the reasons stated below, the Court GRANTS HEC's Motion to Dismiss without leave to amend.

I.    **BACKGROUND**

    A.    **Factual Background**

The complaint alleges as follows.  Mao Izakaya operated a restaurant that employed seventy to eighty employees.  *Id.* ¶ 39.  Plaintiff alleges, on behalf of a putative class, that Mao Izakaya's employees were not paid minimum wages, overtime, or for all hours worked.  *Id.* ¶¶ 46–48.  Employees were not provided with compliant meal periods or timely paid their wages.  *Id.* ¶¶ 49–52.  Plaintiff commenced a state court action asserting

various labor law violations. *Id.* ¶ 116. In June 2024, after commencing the state court action, Kim, An, the other Mao Izakaya members, and Mao Izakaya (First Group Defendants) transferred the restaurant to Defendant Oh Dublin Inc. and other Defendants (Second Group Defendants). *Id.* ¶¶ 116, 162. The First Group Defendants transferred the restaurant without public notification, as required by law, to avoid potential creditors and payment to Plaintiff and putative class members. *Id.* ¶ 116. HEC acted as the escrow company in the transaction and failed to use reasonable care or comply with statutory requirements. *Id.* ¶¶ 178, 179. In October 2025, the First Group Defendants entered into a settlement agreement with Plaintiff. *Id.* ¶ 139.

The complaint's eighteenth claim, asserted solely against HEC, is styled as "breach of escrow agent's duty to third parties." *Id.* ¶¶ 174, 175. The complaint alleges that HEC owed Plaintiff a duty under California's liquor licensing scheme as codified in the Business and Professions Code § 24074 and common law. *Id.* ¶ 179. HEC allegedly breached this duty when it "aided and conspired with the First and Second Group Defendants in the Fraudulent Transfer." *Id.* ¶ 180.

### B.    Procedural Background

On January 16, 2026, Plaintiff filed the complaint in this action. ECF 1. HEC moved to dismiss the complaint. ECF 48. Plaintiff opposed. ECF 56. HEC replied. ECF 60. The parties have consented to magistrate judge jurisdiction. ECF 7, 50.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

United States District Court
Northern District of California

2

2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.    DISCUSSION

HEC argues that it "was merely the escrow company for the restaurant transaction" so lacked knowledge of Plaintiff's actual, or threatened, claim and had no duty to withhold funds for Plaintiff's benefit.  ECF 48-1 at 2.  Plaintiff argues HEC failed to provide public notice of the restaurant transaction as required when a liquor license, also known as an ABC license, is transferred pursuant to Cal. Bus. & Prof. Code § 24074 and the Bulk Sales statute, Cal. Com. Code § 6105.  So, Plaintiff argues, HEC failed to protect the interests of Defendant Mao Izakaya & Sushi LLC's creditors.  ECF 56 at 5–6.

To state a claim for breach of fiduciary duty, plaintiff must allege "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Silverlake Park LLC v. Stewart Title Guar. Co.*, No. 2:17-cv-03291-CAS(AGRX), 2017 WL 9532713, at *6 (C.D. Cal. Oct. 2, 2017) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).  "An escrow holder is an agent and fiduciary of the parties to the escrow." *Id.* (quoting *Summit Fin. Holdings, Ltd. v. Cont'l Lawyers Title Co.*, 27 Cal. 4th 705, 711 (2002), *as modified on denial of reh'g* (May 15, 2002)).  "[A]n escrow holder owes a duty of care only to actual parties to the escrow, not third parties with an interest in the escrow.  Moreover, only parties that actually submit instructions to escrow can rightfully be considered parties to it." *Id.* (quoting *Jafari v. FDIC*, 2 F. Supp. 3d 1125, 1133 (S.D. Cal. 2014)).  "'[A]bsent clear evidence of fraud,' an escrow holder's obligations are limited to the instructions provided by parties to the escrow." *Id.* (quoting *Summit*, 27 Cal. 4th at 711).

Section 24074 requires the parties to a liquor license transfer to establish an escrow and an agreement to pay bona fide creditors of the licensee "who file their claims with the escrow holder" to be distributed in a sequential order.  Cal. Bus. & Prof. Code § 24074.  Those creditors asserting "payment of claims for wages, salaries, or fringe benefits of employees of the seller or transferor earned or accruing prior to the sale, transfer, or opening of an escrow for the sale thereof" must be paid second.  *Id.*  The Bulk Sales statute also mandates notice before a sale is made.  Cal. Com. Code § 6105.

Section 24074, and its accompanying regulations, does not define a "bona fide creditor."  Under the Bulk Sales statute, a creditor "means a claimant or other person holding a claim."  Cal. Com. Code § 6102(6).  A claimant "means a person holding a claim incurred in the seller's business other than . . . [a]n unsecured and unmatured claim for employment compensation and benefits."  § 6102(5)(i).  Black's Law Dictionary defines a creditor as "a person . . . with a definite claim against another."  Creditor, Black's Law Dictionary (12th ed. 2024).

Under any of the above definitions, the complaint fails to allege a fiduciary relationship because Plaintiff was not a creditor when the restaurant sale occurred.  Plaintiff argues that she was a creditor because employment claims for wages or benefits would make her claim second in priority under the ABC licensing scheme.  ECF 56 at 12.  However, at the time of transfer, Plaintiff had no judgment entitling her to those wages or other employment benefits, so her claim was not "definite" but an "unsecured and unmatured claim for employment compensation and benefits."  Creditor, Black's Law Dictionary (12th ed. 2024); Cal. Com. Code § 6102(5)(i).  The complaint alleges that HEC aided the restaurant transfer in June 2024, and the settlement agreement was signed in October 2025.  Compl. ¶¶ 116, 139.  When the restaurant was transferred, sixteen months before the settlement agreement, Plaintiff's claim as a creditor was speculative at best.  As HEC notes, "California law does not impose duties upon an escrow company to unknown, *or potential*, creditors" or an escrow agent would be subject to "an infinite number of unknown creditors to any ABC license transaction."  ECF 48-1 at 7–8 (emphasis added).

Even if HEC knew about Plaintiff's state court action, an escrow agent's "mere knowledge of a third party's interest in an escrow does not give rise to a duty of care to that third party." *Stereoscope, LLC v. U.S. Bank Nat. Ass'n*, No. cv 14-05593 DDP SSX, 2015 WL 570099, at *6 (C.D. Cal. Feb. 11, 2015), *aff'd sub nom. Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725 (9th Cir. 2017) (quoting *Summit*, 27 Cal. 4th at 711). So, HEC owed no duty to Plaintiff because she was not a bona fide creditor to the transfer.

Nor is there clear evidence of fraud to support a duty owed to Plaintiff. Though Plaintiff characterizes the transfer as "fraudulent," the Court is not convinced that transferring the business without the liquor license or without proper notice meets that standard. There could be many innocuous reasons why the liquor license was not transferred with the restaurant. Compl. ¶ 116. For example, the license could be tied to the owner rather than the business, such that it was not transferrable, or it could have expired. There remains a factual dispute regarding whether the liquor license was transferred at all, in which case, no notice would be required. ECF 56 at 8; ECF 60 at 2. Plaintiff has not presented any other allegations that create an inference of fraudulent activity that would give rise to a fiduciary duty. *See Silverlake*, 2017 WL 9532713, at *7 (finding allegations that parties without an interest in the transaction were given several million dollars and that plaintiff received no benefit in return for releasing funds were sufficient to show defendant escrow agent was aware of fraudulent activity).

Plaintiff's cited authority does not alter this analysis. In *Cohn v. Gramercy Escrow Co.*, the court held that "[w]hen one of the main purposes of an agreement is to benefit third persons, they are entitled to recover as third-party beneficiaries in the event of a breach of that agreement." 65 Cal. App. 3d 884, 893 (Ct. App. 1977). So, "bona fide creditors of the licensed seller are in this category and failure to protect their interests to the fund assets will subject the escrow holder to liability to the creditors for any loss occasioned by its breach of duty." *Id.* The *Cohn* court, however, did not evaluate whether an individual who only filed a lawsuit against the licensee constituted a creditor, as is the case here. The same is true in *Webster v. Southern Cal. First Nat. Bank*, 68 Cal. App. 3d

United States District Court
Northern District of California

407 (Ct. App. 1977).  The Court is not persuaded that Plaintiff is a bona fide creditor.  As such, HEC owed Plaintiff no fiduciary duty.

Further, Plaintiff cannot allege facts to cure this deficiency.  Plaintiff had merely filed a lawsuit alleging labor law violations when the transfer occurred, so had no clear, demonstrated claim to any of the funds.  Since "the pleading could not possibly be cured by the allegation of other facts," Plaintiff is not granted leave to amend.  *Lopez v. Smith*, 203 F.3d at 1127.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated:  June 16, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

6