United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MI A LOWE,
Plaintiff,
v.
MAO IZAKAYA & SUSHI LLC, and others,
Defendants.

Case No. 26-cv-00449-NC

**ORDER DENYING MOTION FOR PARTIAL FINAL JUDGMENT AS TO HEC**

Re: ECF 99

Before the Court is Plaintiff's motion for entry of partial final judgment as to Defendant Hana Escrow Company (HEC). ECF 99. This ruling assumes the reader's familiarity with the facts and the arguments made by the parties.

Judgments under Rule 54(b) are "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Company, Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009, n.2 (9th Cir. 2004) ("in the interest of judicial economy, Rule 54(b) should be used sparingly"). While "Rule 54(b) certification is proper if it will aid in expeditious decision of the case," *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted), granting a Rule 54(b) motion is "not routine" and "should not become so." *Wood v. GCC Bend*, 422

F.3d 873, 879 (9th Cir. 2005). "Absent a seriously important reason," piecemeal appeals are not permitted. *Id.* at 883. The burden is on the party seeking certification to demonstrate that the case warrants certification. *U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, No. 1:07-cv-00718 GSA, 2009 WL 650578, at *2 (E.D. Cal. Mar. 12, 2009).

Plaintiff has not demonstrated that this case warrants granting partial final judgment. Though there has been an ultimate disposition as to HEC, there remain claims against the other Defendants which would impact HEC's liability. One of the central issues of this case is whether Defendants fraudulently transferred the restaurant to avoid payment to Plaintiff. Because HEC was the escrow agent involved in that transaction, permitting partial judgment at this early stage in the case would likely result in piecemeal appeals and litigation. *Wood*, 422 F.3d at 883. Nor has Plaintiff presented a "seriously important reason" for certification. *Id.* Plaintiff argues that delaying appeal risks "a duplicative HEC phase after the ongoing litigation." ECF 99 at 7. Yet this puts the cart before the horse and presumes that Plaintiff's appeal would be successful. Plaintiff has not shown a "pressing need" to grant partial final judgment at this time, or that granting such would "aid in expeditious decision of the case." *Morrison-Knudsen Company, Inc.*, 655 F.2d at 965; *Texaco, Inc.*, 939 F.2d at 797.

Accordingly, the Court denies Plaintiff's motion for entry of partial final judgment as to HEC.

**IT IS SO ORDERED.**

Dated: September 17, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge