Brian H. Song, Esq. #188662
Briansong@Songleelaw.com
BHS LAW CORPORATION
2559 S. Bascom Avenue
Campbell, CA 95008
Tel: (408) 628-4257
Fax: (408) 628-4258

Attorney for Plaintiff
Mi A Lowe

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

MI A LOWE, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

MAO IZAKAYA & SUSHI LLC, a California limited liability company; ANTHONY AN, an individual; HEYOU R. LIN, an individual; CHANGHA HWANG, an individual; OH DUBLIN, INC. d/b/a AKUMA BAY, a California corporation; JIWOON YANG, an individual; CHI YOUNG MOON, an individual; SMCC GROUP LLC, a California limited liability company; MICHA OH, an individual; and DOES 1 through 10, inclusive,

*Defendants*.

**CASE NO.: 5:26-CV-00449-NC**

**SECOND AMENDED COMPLAINT FOR INDIVIDUAL AND CLASS CLAIMS CLASS ACTION**

1. Unpaid Overtime (Lab. Code §§ 510, 1198)
2. Unpaid Minimum Wages
3. Meal-Period Violations
4. Noncompliant Wage Statements
5. Untimely Final Wages
6. Untimely Wages During Employment
7. Conversion of Gratuities
8. Penal Code § 496(c)
9. Unfair Competition
10. FLSA Unpaid Overtime (Individual)
11. Breach of Settlement Agreement (Individual)
12. Successor Liability and Alter Ego
13. Voidable and Fraudulent Transfer
14. Civil Conspiracy to Commit Fraudulent Transfer
15. Aiding and Abetting Fraudulent Transfer
16. LLC-Member Distribution and Personal Liability

DEMAND FOR JURY TRIAL

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

Plaintiff Mi A Lowe files this Second Amended Complaint pursuant to the Court's October 19, 2026 Order granting leave (ECF No. 142). The pleading conforms the proposed complaint lodged with ECF No. 108-1 to the $50,000 in settlement payments received through September 14, 2026, the state court's October 13, 2026 ruling, the October 19, 2026 dismissal of Myeong Rang Kim (ECF No. 143), and intervening developments in the pleading record. The pleading adds no claim or party beyond the leave granted by ECF No. 142.

**PROCEDURAL NOTE REGARDING CHANGHA HWANG.** In Plaintiff's October 20, 2026 status update (ECF No. 145), Plaintiff anticipated filing the SAC after entry of an order on the parties' stipulation to dismiss Changha Hwang without prejudice (ECF No. 144). The proposed order remains pending. To advance the case without unnecessary delay, Plaintiff files the SAC now, retaining Hwang solely on the individual breach-of-settlement cause of action. This filing does not withdraw or modify ECF No. 144. Upon entry of the proposed order under Rule 41(a)(2), all federal claims against Hwang will be dismissed without prejudice according to that order, without a further amendment to the SAC solely to remove him.

## INTRODUCTION

1. This action concerns two connected courses of conduct. First, Mao Izakaya & Sushi LLC and Anthony An allegedly failed to pay Plaintiff Mi A Lowe and other nonexempt restaurant employees all wages, overtime, meal-period premiums, and gratuities required by California and federal law. Second, while the related wage action was pending, the Restaurant business was transferred through a transaction documented in the name of SMCC Group LLC and Micha Oh, and the same enterprise continued at the same premises through Oh Dublin, Inc.—a corporation formed five days after the purchase agreement, at the Restaurant's address, under the buyer's surname—without provision for the employee-creditor claims then pending.

2. Plaintiff worked as a nonexempt chef for Mao LLC at its Dublin, California restaurant during two periods in 2022 and 2023. She alleges unpaid straight-time and overtime wages, uncompensated off-the-clock work, missed and interrupted meal periods, inaccurate wage statements, untimely wages during and after employment, and withheld gratuities.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

3. On March 12, 2024, counsel then representing Mao LLC and its individual members stated that the Restaurant would close rather than be sold and that Mao LLC and An would have no assets in California. Twenty-four days later, a Business Purchase Agreement and Joint Escrow Instructions dated April 5, 2024 documented a $270,000-plus-inventory sale of the Mao-branded Restaurant, named SMCC as seller, named Micha Oh as buyer, and was signed by An for SMCC. Oh Dublin, Inc. has admitted in this action that it was incorporated five days later, at the Restaurant's address, that it acquired the business, and that it operated a restaurant known as Akuma Bay at the same premises; and the Settling Defendants have admitted that the Restaurant was purchased and that Oh Dublin was formed. During 2024, Akuma Bay sold alcoholic beverages while public ABC records continued to identify Mao LLC as the active licensee at the premises and before those records showed an active license issued to Oh Dublin.

4. In October 2025, Plaintiff and Mao LLC, An, Heyou R. Lin, Changha Hwang, and Myeong Rang Kim (the "Settling Defendants") entered a written Settlement Agreement that compromised Plaintiff's individual claims against them—claims the settling parties jointly represented to the state court were worth $80,000 or more exclusive of attorneys' fees—for $50,000. After court approval, the $50,000 became due on January 9, 2026. Lin paid $20,000 on or about January 10, 2026. The remaining $30,000 was not paid until September 2026—by a cashier's check that, the Settling Defendants have admitted, "An and Kim" caused to be paid on September 10, 2026—after Plaintiff had filed this action and had moved in the State Action to enforce the Agreement. Plaintiff has received no proof that the separate former-employee notice required by the Agreement was ever mailed.

5. On August 17, 2026, Plaintiff moved in the State Action under Code of Civil Procedure section 664.6 for entry of judgment on the Agreement. On October 13, 2026, after the balance had been paid, the state court denied the motion on the grounds that the $50,000 had been paid and that no default judgment had been entered under paragraph 2 of the Agreement; it declined to award interest or motion fees through the section 664.6 procedure; it did not address the notice obligation or the court's retained jurisdiction; and it stated that it offers no opinion on the effect of the Agreement on this action. No judgment was entered. This pleading asserts, as Plaintiff's

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

individual claim, the relief the summary procedure did not reach—performance of the notice obligation, damages for the late payment, and contractual attorneys' fees—and credits every dollar Plaintiff has received.

6. This pleading also joins SMCC and Micha Oh based on their documented roles in the April 5 transaction and alleges, in the alternative, direct transferee liability, conspiracy, and aiding-and-abetting liability. California law permits liability for conspiracy or aiding and abetting a fraudulent transfer even where a participant does not fit the UVTA definition of debtor or transferee. See *Optronic Technologies, Inc. v. Celestron Acquisition, LLC*, 108 Cal. App. 5th 770, 784-785 (2025). This pleading further alleges, on the escrow records described below, that Micha Oh is the person for whose benefit the transfer was made and that she holds the beneficial interest in the transferred business.

7. The Rule 23 claims proceed on two related representative tracks. Plaintiff asserts the wage causes against Oh Dublin as Mao LLC's successor, and asserts transfer-related claims on behalf of employees whose accrued compensation rights were impaired by the same transaction. The wage causes are not asserted against the Settling Defendants: Plaintiff released her individual claims against them, and they have now paid the Consideration. That release and payment compromised Plaintiff's claims against the Settling Defendants only. It did not release Oh Dublin, which signed nothing and paid nothing, and it did not satisfy the underlying obligation, which exceeds the amount paid. Plaintiff credits the $50,000 once, against her own recovery only, and no absent employee's recovery is reduced by it.

8. Consistent with the Court's June 16, 2026 order, this pleading omits Hana Escrow Company, Inc., against which the sole claim was dismissed without leave to amend; Plaintiff does not thereby waive appellate review. It also omits Jaehyuk Yang, previously dismissed voluntarily, and Myeong Rang Kim, dismissed without prejudice on October 19, 2026 (ECF No. 143). As of this pleading, the Court has not entered the requested Rule 41(a)(2) dismissal of Changha Hwang. ECF No. 144 requests his dismissal without prejudice and preserves the Settlement Agreement, all other parties' claims, the state-court action, and the rights of absent putative class members. Pending entry of that order, Hwang is named only on the individual breach-of-settlement cause of action.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

9. Where this pleading states that a Defendant "has admitted" a fact, the admission appears in that Defendant's operative answer to the First Amended Complaint: the Amended Answer of Oh Dublin, Jiwoon Yang, and Chi Young Moon (ECF No. 115), or the Amended Answer of Mao LLC, An, Lin, and Hwang (ECF No. 125). Each cited paragraph of those answers responds to the identically numbered paragraph of the First Amended Complaint (ECF No. 101). Plaintiff pleads those admissions as facts established for purposes of this action and, as to the admitting Defendants, as binding judicial admissions.

**JURISDICTION AND VENUE**

10. This Court has federal-question jurisdiction under 28 U.S.C. section 1331 because Plaintiff asserts an individual claim under the Fair Labor Standards Act, 29 U.S.C. sections 201 et seq., against Oh Dublin as the alleged successor to her employer. The Court has supplemental jurisdiction under 28 U.S.C. section 1367(a) over the state-law claims because they form part of the same case or controversy.

11. The Court also has diversity jurisdiction under 28 U.S.C. section 1332(a). Plaintiff is a citizen of Texas. An and Lin are citizens of Oregon, and Mao LLC, whose members are An, Lin, Hwang, and Kim, all citizens of Oregon, is therefore a citizen of Oregon. Oh Dublin is a California corporation with its principal place of business in California, and Jiwoon Yang, Chi Young Moon, and Micha Oh are citizens of California. SMCC's May 17, 2022 Statement of Information filed with the California Secretary of State identifies its managers or members as An, Lin, Hwang, Chun Mao Tsuei, and Wen Shin Sung, with addresses in Oregon and California; on information and belief, no member of SMCC is a citizen of Texas. Plaintiff will obtain SMCC's disclosure statement under Rule 7.1(a)(2) and will amend if the facts so require. No Defendant is a citizen of Texas.

12. The amount in controversy exceeds $75,000, exclusive of interest and costs, as to Plaintiff's individual claims, including the unsatisfied balance of her wage, premium, gratuity, penalty, liquidated-damage, and treble-damage claims against the successor Defendant, the statutory attorneys' fees recoverable on those claims, the value of the transferred business that is

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

the object of the transfer claims, and the punitive damages sought. The putative class claims materially exceed that amount.

13. Venue is proper in this District under 28 U.S.C. section 1391(b)(2) because substantial events occurred here, including Plaintiff's employment at the Restaurant in Dublin, the challenged wage practices, and the transfer and continued operation of the Restaurant business. Venue is also proper because Oh Dublin resides in this District and the other California transaction participants acted in connection with property and a business located here.

14. Assignment to the San Jose Division remains proper. Paragraph 24 of the Settlement Agreement permits litigation relating to the Agreement in a federal court of competent jurisdiction, the Agreement was negotiated through counsel in Santa Clara County, and this action has been assigned to the San Jose Division since filing. The parties who have appeared consented to magistrate-judge jurisdiction.

## THE STATE ACTION AND SETTLEMENT AGREEMENT

15. On July 24, 2023, Plaintiff filed *Lowe v. Mao Izakaya & Sushi LLC*, Alameda County Superior Court Case No. 23CV039202 (the "State Action"), asserting related individual and class wage claims. All Defendants who have answered admit that the State Action is pending (ECF No. 115 ¶ 14; ECF No. 125 ¶ 14). The State Action remains pending on its Fifth Amended Complaint; the state court has set a case management conference for March 1, 2027. The state court retains jurisdiction under Code of Civil Procedure section 664.6 and paragraph 25 of the Settlement Agreement over the Settling Defendants' obligations until performance in full, that retention having been requested before any dismissal.

16. Plaintiff and the Settling Defendants executed the Settlement Agreement in counterparts. An signed individually and for Mao LLC, and Lin and Hwang signed, on October 21, 2025; Plaintiff signed on October 22, 2025; and Kim signed on October 25, 2025. The Settling Defendants have admitted these facts (ECF No. 125 ¶ 15). A true and correct copy of the executed Agreement is attached as Exhibit A and incorporated under Federal Rule of Civil Procedure 10(c).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

17. Paragraph 1 required the parties to file jointly a motion under California Rules of Court, rule 3.770. After approval, the Settling Defendants were to wire $50,000 (the "Consideration") to Plaintiff's counsel's trust account within forty-five days and, at their sole cost, mail the agreed notice to former employees concerning the action and their potential rights, substantially in the form of Exhibit 1 to the Agreement. The Settling Defendants have admitted the terms of paragraph 1, including that they were to "comply with the conditions of the order, including mailing a notice to all former employees, at their sole cost, advising them of the action and their potential rights to sue" (ECF No. 125 ¶ 16, admitting ECF No. 101 ¶ 16).

18. Paragraph 2 provides that, upon nonpayment, Plaintiff may seek termination of the defense and entry of a joint-and-several $70,000 judgment against An and the other parties represented by Haewon Kim, Esq., together with collection and enforcement fees. Plaintiff does not seek the paragraph 2 remedy in this action.

19. Paragraph 3 extends the limitations periods applicable to each putative class member for the duration of the State Action, ending when that action is dismissed. Paragraph 4 provides that, within ten business days after receipt of the Consideration, Plaintiff will deliver an executed request for dismissal with prejudice as to the parties represented by the Settling Defendants' counsel in the State Action, and expressly states that Plaintiff may dismiss all the other parties at her sole discretion.

20. Paragraph 5 contains a mutual release between the parties and related persons but excludes rights concerning enforcement of the Agreement. Paragraph 7 contains a covenant not to sue that must be construed together with paragraphs 3, 4, and 5. Paragraph 13 provides that no provision of the Agreement may be waived except in a writing signed by all parties. Paragraph 24 permits a related action in the specified state or federal forum, paragraph 25 preserves section 664.6 jurisdiction, and paragraph 26 authorizes actual fees and costs to the prevailing party in litigation connected to the Agreement.

21. On October 29, 2025, the settling parties moved under rule 3.770 to dismiss class claims as to the Settling Defendants. The joint motion, signed by counsel for the Settling Defendants, represented to the state court that Plaintiff's individual claims were valued at $80,000

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

or more exclusive of attorneys' fees and were being compromised for $50,000, that the Settling Defendants had agreed to notify their former employees of the action, and that putative class members would receive notice of the litigation. On November 25, 2025, the state court granted the motion. The order did not adjudicate the merits of absent employees' claims, did not bind absent employees to the Settlement Agreement, and did not dismiss the claims against the nonsettling Second Group Defendants. The Settling Defendants and the Second Group Defendants have each admitted the joint motion and the order in their answers in this action (ECF No. 115 ¶ 5; ECF No. 125 ¶¶ 5, 20).

22. The $50,000 payment became due on or about January 9, 2026. On or about January 10, 2026, Lin paid $20,000. On January 8, 2026, before performance was due, counsel for the Settling Defendants stated that assets of An, Kim, and Mao LLC were frozen during the An-Kim dissolution; that Kim maintained that the dissolution judgment assigned the California employee matter to An; that Kim claimed no obligation to fund, contribute to, or coordinate payment; and that counsel had tried unsuccessfully to persuade Kim to pay. The Settling Defendants have since stated in this action that An contested the Oregon dissolution and that the General Judgment of Dissolution entered on December 23, 2025 was set aside on April 29, 2026 (ECF No. 125 ¶¶ 183–184)—so that, on their own account, no dissolution judgment allocated the obligation to either spouse when payment was due or at any time since. No further payment was made for eight months. On September 14, 2026—after Plaintiff had filed this action on January 16, 2026 and the state enforcement motion on August 17, 2026—Plaintiff's counsel received by mail a $30,000 cashier's check dated September 10, 2026, drawn on an Oregon credit union, bearing the memo "Mao, Hwang, An, Kim" and identifying no remitter. The Settling Defendants have since admitted that "An and Kim made the payment on $30,000 on September 10, 2026" (ECF No. 125 ¶¶ 185, 187). The check was deposited and has been credited. By a letter emailed to counsel for the Settling Defendants on September 15, 2026, Plaintiff expressly credited the check while reserving her claims concerning accrued interest, fees and costs, performance of the former-employee notice obligation, and allocation of the payment. Plaintiff has received payments totaling the $50,000 face

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

amount of the Consideration, approximately eight months after the final $30,000 was due; Plaintiff does not seek to collect that $50,000 again.

23. Plaintiff has received no proof that the former-employee notice required by paragraph 1 was mailed. The Settling Defendants have admitted that the Agreement obligated them to mail that notice to all former employees at their sole cost (ECF No. 125 ¶ 16). That obligation was separate from, and not conditioned on, the monetary payment, and the joint rule 3.770 motion represented to the state court that it would be performed. When Plaintiff's counsel raised compliance directly with the Settling Defendants' counsel on September 15, 2026, and again by written demand for proof of mailing on October 14, 2026, counsel neither confirmed that the notice had been mailed nor produced proof of mailing. On information and belief, the notice has not been mailed.

24. On August 17, 2026, Plaintiff filed a noticed section 664.6 motion in the State Action, which she amended on September 16, 2026 to credit the September payment. The motion requested entry of judgment under paragraph 2 net of all credits, alternatively statutory interest on the late payment, enforcement of the former-employee notice obligation, a determination of entitlement to contractual fees, and express confirmation of the court's retained jurisdiction. The Settling Defendants opposed, arguing that the Consideration had been paid, that paragraph 2 is an ex parte default-judgment remedy unavailable after payment, and that Plaintiff had breached paragraph 7 by naming them in this action; they did not challenge the Agreement's validity, did not dispute their signatures, and did not contend that paragraph 2 is a penalty. On October 13, 2026, the state court denied the motion. The ruling states that the court does not order payment of the $50,000 because it has been paid; does not order the $70,000 because no default judgment was entered; declines interest and motion fees through the section 664.6 procedure; and offers no opinion on the effect of the Agreement on this action. The ruling did not address the notice request or the retained-jurisdiction request, made no finding that Plaintiff breached the Agreement, made no prevailing-party determination under paragraph 26, and entered no judgment.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

25. Plaintiff seeks one satisfaction only. The $50,000 Plaintiff has received is credited once, against Plaintiff's individual recovery only. No absent class member's recovery will be reduced by any amount paid to Plaintiff individually.

26. The state court's ruling denied summary relief under section 664.6 in an action that remains pending. No judgment has been entered, and the ruling is not a final judgment. The section 664.6 procedure permits a court only to enter judgment on the terms of the settlement as written; it does not permit the court to award damages for breach of the settlement under the general law of contracts, and the ruling—which declined interest because the Agreement "has no provision for payment of interest," declined fees because no paragraph 2 default judgment had been entered, and did not address the notice obligation—adjudicated no claim pleaded here. The claims pleaded below for damages measured by statute, for performance of the notice obligation, and for fees under paragraph 26 were not and could not have been decided in that procedure. Consistent with paragraph 24 of the Agreement, which permits actions related to the Agreement in a federal court of competent jurisdiction, Plaintiff asserts the individual breach-of-settlement claim below for the relief the summary procedure did not reach. Plaintiff does not seek the paragraph 2 remedy in this action and will credit any relief obtained in the State Action.

27. Plaintiff affirms the Settlement Agreement and has performed it. Plaintiff's individual claims against the Settling Defendants on the Released Claims were released by the Agreement, and the Settling Defendants have paid the Consideration. Plaintiff therefore does not assert the wage, employment-contract, or promissory-estoppel causes against the Settling Defendants, and no such cause is pleaded against them in the alternative. Mao LLC's and An's conduct as employer is alleged below solely as the predicate for the liability of Mao LLC's successor, and no relief is sought against any Settling Defendant on Causes One through Ten.

## SCOPE OF THE RELEASE AND COVENANT; EFFECT OF THE SETTLEMENT ON NONSIGNATORIES

28. Plaintiff acknowledges the release between the Settlement Agreement's parties. The settlement claim asserted against signatories concerns enforcement and nonperformance of

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

the Agreement itself; paragraph 5 expressly excludes "any rights related to the enforcement of this Agreement" from the release. That claim is pleaded without double recovery.

29. Oh Dublin, Jiwoon Yang, Chi Young Moon, SMCC, and Micha Oh did not sign the Settlement Agreement, were not released by paragraph 5, and provided no settlement consideration. Paragraph 5 releases only the Parties and their agents, lawyers, partners, and others under common control. Paragraph 4 confirms that Plaintiff "may dismiss all the other parties at her sole discretion"—a reference to the nonsettling defendants then before the state court, including Oh Dublin, Yang, and Moon—and paragraph 3 and the paragraph 1 notice contemplate continued claims by employees against "any Defendant(s)." The Agreement thus expressly contemplated that Plaintiff's claims against the nonsignatories would continue. The Second Group Defendants admit that they are not parties to the Agreement (ECF No. 115 ¶ 29).

30. The transfer-related claims arise from independent conduct in structuring, receiving, concealing, and continuing the Restaurant transaction while employee-creditor claims were pending. They seek creditor remedies against property, proceeds, transferees, and participants and fall within the Agreement's express preservation of enforcement rights.

31. Plaintiff construes paragraph 7 together with paragraphs 3, 4, and 5. Read as a whole, the Agreement does not require dismissal of the existing claims against nonsignatories, does not confer a release upon persons who declined to become parties, and does not bar Plaintiff from pursuing the successor and transferees of the released obligors for the unsatisfied balance of her claims. The "Released Claims" are the Parties' claims against each other; claims against strangers to the Agreement who paid nothing are not Released Claims.

32. The settlement compromised Plaintiff's claims against the Settling Defendants; it did not satisfy them. Plaintiff's individual claims arising from the 2022 and 2023 Employments—unpaid wages and overtime, meal-period premiums, withheld gratuities, waiting-time and wage-statement penalties, liquidated damages under Labor Code section 1194.2 and 29 U.S.C. section 216(b), treble damages under Penal Code section 496(c), and interest—substantially exceed $50,000; the settling parties themselves represented to the state court that those claims were worth $80,000 or more exclusive of attorneys' fees. Under Civil Code section 1543 and Code of Civil

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

Procedure section 877, a release given to one of several persons liable for the same obligation does not discharge the others unless its terms so provide; it reduces the claim against them by the amount paid. Nothing in the Agreement provides for the discharge of Oh Dublin. The wage causes are therefore asserted against Oh Dublin as Mao LLC's successor for the unsatisfied balance of Plaintiff's individual claims, with the $50,000 credited once, and on behalf of the classes for the whole of absent members' claims, which were never compromised at all.

33. The settlement was individual. Absent employees were not parties, received no consideration, released no claims, and are not subject to any credit based on Plaintiff's individual recovery.

34. The FLSA claim is pleaded as Plaintiff's individual claim against Oh Dublin as alleged successor. No FLSA claim was pleaded in the State Action; the Settlement Agreement was not reviewed or approved by the Department of Labor or by any court as a compromise of FLSA rights, and the state court's rule 3.770 order approved only the dismissal of class claims. Plaintiff's FLSA rights were not waived. Plaintiff does not seek an FLSA collective action or court-authorized collective notice in this pleading.

## TOLLING OF LIMITATIONS PERIODS

35. Contractual tolling. Paragraph 3 extends limitations periods for putative class members for the duration of the State Action. Plaintiff presently invokes that provision only against its signatories and does not contend that it automatically binds nonsignatories. The State Action remains pending, and paragraph 3 tolling continues.

36. Class tolling. The filing and continued pendency of the State Action's class allegations tolled applicable individual claims of putative class members to the maximum extent permitted by law.

37. Fraudulent concealment and delayed discovery. Mao LLC and An failed to record all hours worked, furnished wage statements omitting the true hours and premiums, and did not disclose off-the-clock work or withheld gratuities. Employees could not reasonably determine the full underpayment from the records supplied to them.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

38. Concealment of transfer. The statutory notice that would have disclosed the transaction to employee creditors was not recorded or published, and counsel stated that the Restaurant would close rather than be sold. Plaintiff did not learn the transaction structure and terms until Mao LLC produced the April 5, 2024 Business Purchase Agreement in State Action discovery on June 16, 2025, and did not learn the escrow's identification of the actual transferor and transferee until Hana Escrow Company, Inc. produced its escrow instructions on August 28, 2026.

39. Continuing violations. Each underpayment, untimely payment, noncompliant statement, and withholding of earned compensation constituted a separate violation.

40. FLSA willfulness. Mao LLC and An knew of or showed reckless disregard for federal overtime and recordkeeping requirements. Plaintiff pleads the three-year period under 29 U.S.C. section 255(a).

41. Plaintiff acted diligently after learning the relevant facts and pleads all statutory, contractual, class, equitable, delayed-discovery, and concealment tolling available.

## PARTIES AND DEFINED GROUPS

42. Plaintiff Mi A Lowe is a citizen and resident of the State of Texas and holds a Texas driver's license. She worked for Mao LLC at the Restaurant as a nonexempt, hourly-paid chef from approximately June 1 through October 21, 2022 (the "2022 Employment") and from April 13 through May 31, 2023 (the "2023 Employment"). Her primary duties were preparing food, menu items, and ingredients, operating the kitchen, and purchasing food and supplies locally to supplement the Restaurant's orders.

43. Defendant Mao Izakaya & Sushi LLC ("Mao LLC") is a California limited liability company that owned and operated a Japanese restaurant at 7222 Regional Street, Dublin, Alameda County, California (the "Restaurant"). The Settling Defendants have admitted that Mao LLC was a California limited liability company that owned and operated a Japanese restaurant at 7222 Regional Street, Dublin (ECF No. 125 ¶ 41). Mao LLC held California Department of Alcoholic Beverage Control license No. 640118 for the Restaurant premises. Mao LLC employed approximately seventy to eighty employees.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

44. Defendant Anthony An ("An") is an individual who resided in Oregon at all relevant times. The Settling Defendants have admitted that An was a member of Mao LLC (ECF No. 125 ¶ 42). At all relevant times An was also an officer and the president of Mao LLC, was its principal decisionmaker, and personally directed Plaintiff's hiring, work, and compensation. Plaintiff is not certain that An's legal name is "Anthony An" but sues him under the name by which he introduced himself to her, and will seek to amend when his legal name is ascertained.

45. Defendant Heyou R. Lin ("Lin") is an individual who resided in Oregon at relevant times and was a member of Mao LLC; the Settling Defendants admit that Lin and Hwang were Mao LLC members, while asserting that they were not members "at all times relevant" (ECF No. 125 para. 43). Defendant Changha Hwang ("Hwang") is an individual who also resided in Oregon at relevant times and signed the Settlement Agreement. Lin and Hwang are named here solely on the individual settlement-contract cause. Plaintiff dismissed Myeong Rang Kim without prejudice by notice on October 19, 2026 (ECF No. 143). On October 20, 2026, Plaintiff and Hwang filed ECF No. 144, a signed stipulation seeking his dismissal without prejudice under Rule 41(a)(2), effective upon entry of the Court's order. The stipulation provides that Plaintiff and Hwang will bear their own fees and costs incurred in this federal action, without affecting their underlying Settlement Agreement or the State Action. Until the Court enters that order, Hwang remains a defendant on the Eleventh Cause only.

46. Defendant Oh Dublin, Inc., doing business as Akuma Bay ("Oh Dublin"), is a California corporation formed on April 10, 2024 with a business address at 7222 Regional Street, Dublin, California. Oh Dublin, Yang, and Moon have admitted in this action that "the restaurant was purchased, and Oh Dublin, Inc., was formed" (ECF No. 115 ¶ 3); that Oh Dublin "was incorporated on April 10, 2024, five days after the Business Purchase Agreement" was signed (id. ¶¶ 104, 203), "at the Restaurant's address" (id. ¶¶ 214, 218); that Oh Dublin "acquired the business" (id. ¶ 214); that it "operated a restaurant known as Akuma Bay at 7222 Regional Street, Dublin, California" (id. ¶¶ 104, 201); and that they are not parties to the Settlement Agreement (id. ¶ 29). The Settling Defendants have likewise admitted that "the restaurant was purchased, and Oh Dublin, Inc., was formed" (ECF No. 125 ¶ 3).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

47. Defendants Jiwoon Yang and Chi Young Moon are individuals residing in California. They have admitted that they are Oh Dublin's "sole shareholders, directors and officers" (ECF No. 115 ¶¶ 45, 204). On information and belief, Chi Young Moon is Micha Oh's daughter.

48. Defendant SMCC Group LLC ("SMCC") is a California limited liability company. The April 5, 2024 Business Purchase Agreement identifies SMCC as the seller of "SMCC Group LLC (AKA MAO Izakaya & Sushi Restaurant)" at 7222 Regional Street and bears An's signature as SMCC's authorized signer. Plaintiff alleges that Mao LLC, not SMCC, owned and operated the Restaurant, held the alcoholic-beverage license, and employed Plaintiff and the proposed class. SMCC's membership, capitalization, and claimed source of title are within Defendants' possession. SMCC's May 17, 2022 Statement of Information identifies its managers or members as An, Lin, Hwang, Chun Mao Tsuei, and Wen Shin Sung.

49. Defendant Micha Oh (identified in transaction records as "Mi Cha Oh") is an individual residing in California and is the buyer named in the April 5, 2024 Business Purchase Agreement and Joint Escrow Instructions. Plaintiff will conform the spelling of her name if reliable records establish that she is legally identified as "Mi Cha Oh" or another spelling. Escrow records produced by Hana Escrow Company, Inc. ("HEC") identify the escrow's "final meeting" as a meeting "with Ms. Oh," show escrow correspondence directed to her e-mail address rather than to Yang or Moon, and record the landlord's identification of "the tenant Mi Cha Oh" for the Restaurant premises. Oh Dublin was incorporated five days after the purchase agreement was signed, at the Restaurant's address, under a corporate name bearing her surname, with Chi Young Moon—on information and belief, her daughter—as a record shareholder and officer. In *Oh v. Lee*, Adversary Proceeding No. 25-05054 (Bankr. N.D. Cal.), Micha Oh has alleged, in a complaint filed on December 10, 2025 by the same counsel who represents the Second Group Defendants here, that she caused another restaurant corporation's initial corporate documents to identify a different person as its officer, director, and sole shareholder "for licensing convenience only," while she retained the economic interest. Plaintiff does not plead that allegation as proof that the same arrangement was used here; she pleads it, together with the escrow records and the chronology, as the factual basis for the following allegations made on information and belief: that Micha Oh

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

acquired the Restaurant business under the April 5 agreement, that she is the person for whose benefit the transfer was made, and that she holds the beneficial interest in the business continued through Oh Dublin as her nominee. Plaintiff does not presently allege that Micha Oh is an officer, shareholder, employer, or successor employer on the wage causes; any such allegation will be the subject of a separate motion for leave. The funding, capitalization, assignment, lease, and beneficial-ownership records that confirm the structure are within Defendants' and third parties' possession.

50. "Settling Defendants" means the five signatories to the Settlement Agreement—Mao LLC, An, Lin, Hwang, and Kim—of whom Mao LLC, An, Lin, and (until entry of the order on ECF No. 144) Hwang are defendants in this pleading. "Second Group Defendants" means Oh Dublin, Jiwoon Yang, and Chi Young Moon. "Transfer Participants" means An, SMCC, Micha Oh, Oh Dublin, Jiwoon Yang, and Chi Young Moon.

51. References to the transfer mean the connected steps by which Mao LLC's operating business was represented as property of SMCC, sold under the April 5 agreement to Micha Oh, and then received, used, or continued by Oh Dublin. Plaintiff alleges that the steps constituted one transaction or, in the alternative, separate transfers within Civil Code section 3439.01.

52. Plaintiff does not presently know the true names or capacities of the Defendants sued under the fictitious names Does 1 through 10. Plaintiff was likewise ignorant of their names, and of the facts giving rise to their liability, when she filed her original complaint in this action on January 16, 2026.

53. On information and belief, Does 1 and 2 are additional owners, officers, or managing agents of Mao LLC responsible for wage violations. Does 3 through 10 are persons or entities that participated in, facilitated, received, or benefited from the transfer or its proceeds. Plaintiff will seek leave to substitute true names when ascertained.

54. Each Defendant is alleged liable only according to that Defendant's own acts, role, knowledge, authority, receipt, or legally recognized derivative status. Group allegations do not substitute for the actor-specific allegations below.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## INDIVIDUAL LIABILITY UNDER LABOR CODE SECTION 558.1

55. California Labor Code section 558.1(a) provides that any employer or other person acting on behalf of an employer who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or who violates or causes to be violated Labor Code sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for that violation. Section 558.1(b) defines "other person acting on behalf of an employer" to mean a natural person who is an owner, director, officer, or managing agent of the employer.

56. At all relevant times An was an owner, officer, and managing agent of Mao LLC within Labor Code section 558.1(b). An set Plaintiff's compensation, directed her work and hours, decided that she would be paid a flat monthly amount rather than for hours actually worked, and decided not to record all hours worked. An thereby violated and caused to be violated the wage-order provisions and Labor Code sections identified in section 558.1(a). That liability is alleged as part of the predecessor obligation for which Oh Dublin is responsible as successor; Plaintiff has released her individual wage claims against An and seeks no relief against him on Causes One through Ten.

57. Plaintiff does not assert direct wage-employer liability against Lin, Jiwoon Yang, Chi Young Moon, SMCC, or Micha Oh in this pleading. Any later amendment based on discovery will require leave of Court.

## WAGE-AND-HOUR FACTUAL ALLEGATIONS

### A. Centralized Policies and Records

58. Mao LLC operated a single Restaurant in Dublin, California and employed approximately seventy to eighty employees during the relevant period. Plaintiff estimates that the putative class contains more than sixty nonexempt, hourly-paid employees whose identities are ascertainable from Defendants' employment records.

59. Mao LLC maintained centralized and uniform practices governing hiring, timekeeping, payroll, wage statements, meal periods, gratuity handling, and final pay. All such

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

transactions for the Restaurant's nonexempt employees were processed by management at the Dublin location, and all employment, payroll, and time records were maintained there. Plaintiff and class members received the same standardized new-hire documents and the same format of wage statement.

60. Mao LLC, An, and their successor have exclusive or superior control of the records that would show employees' actual hours worked, meal periods taken, rates of pay, amounts paid, and gratuities collected and distributed. Those records were maintained across the change in ownership and operation alleged below.

61. Mao LLC and An were advised by counsel and other professionals knowledgeable about California wage-and-hour law, and knew or should have known of the requirements of the Labor Code, the FLSA, and the applicable Industrial Welfare Commission Wage Order.

**B. The 2022 Employment**

62. On or about June 1, 2022, An, acting for Mao LLC, hired Plaintiff as the chef who would take charge of the Restaurant's kitchen. The Settling Defendants have pleaded in this action that "only Defendant Mao made an offer to employ Plaintiff and only this Defendant represented the terms of the alleged employment to Plaintiff and Plaintiff accepted the proposed employment terms to work for this Defendant only," so that "only Plaintiff and Defendant Mao were parties to any employment contract" (ECF No. 125 at 28:15–22 (Fifteenth Affirmative Defense)), and that Plaintiff "was paid for all wages" (id. at 29:15–18 (Twentieth Affirmative Defense))—assertions that presuppose the employment relationship and the wage obligation of Mao LLC that those Defendants elsewhere purport to deny. An promised Plaintiff reasonable wages for her labor plus the value of lodging, which the parties valued at approximately $2,000 per month. Plaintiff accepted by relocating to Dublin and beginning work on June 1, 2022.

63. The Restaurant did not open as promised. Its opening was repeatedly delayed. When Plaintiff asked An when the Restaurant would open, An represented that it would open soon, thereby inducing Plaintiff to remain.

64. Throughout the 2022 Employment the Restaurant premises were under construction. Mao LLC and An directed Plaintiff to perform miscellaneous tasks at the job site,

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

including preparing for opening and developing menu items. Plaintiff remained at the job site and subject to Mao LLC's and An's control for approximately eight hours per day, for the entire business hours of each day she was present.

65. Mao LLC and An kept no time records for the 2022 Employment. For approximately four and one-half months of work, Mao LLC and An paid Plaintiff a total of approximately $8,100, an amount that covered only the agreed lodging value of approximately $2,000 per month and provided no compensation for the hours Plaintiff remained subject to Mao LLC's and An's control. The weekly average paid was less than approximately $390.

66. A reasonable hourly rate for Plaintiff's work in 2022, measured by the $22 hourly rate Mao LLC and An themselves recorded for the same chef position in 2023, was at least $23 per hour inclusive of the value of lodging. Plaintiff was not paid that rate, or the applicable minimum wage, or any overtime premium, for the hours she worked in 2022. Unpaid 2022 wages total approximately $3,600, subject to proof from Mao LLC's and An's records. Mao LLC and An have never paid those wages and continue to withhold them.

67. Plaintiff's 2022 Employment ended on or about October 21, 2022, when Mao LLC and An terminated her. Mao LLC and An did not pay her earned and unpaid wages at the time of discharge or within seventy-two hours afterward, and have not paid them since.

**C. The 2023 Employment**

68. Mao LLC and An rehired Plaintiff as a chef on April 13, 2023. Her compensation was stated as a monthly "salary" of $7,000 plus lodging valued at approximately $3,000 per month. Plaintiff's duties as kitchen chef were nonexempt: she prepared food, cooked, and performed manual kitchen work, and did not customarily and regularly exercise discretion and independent judgment on matters of significance or manage a recognized subdivision with two or more full-time subordinates.

69. The 2023 Employment lasted forty-nine calendar days, of which Plaintiff took only three days off and worked forty-six days, including weekends and late nights. The Restaurant was understaffed; Plaintiff was at times the only person working in the kitchen.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

70. Plaintiff routinely worked ten or more hours per day and more than forty hours per week, and on some days more than twelve hours. During the 2023 Employment she worked approximately 186.6 hours qualifying for overtime at one and one-half times the regular rate and approximately 31.5 hours qualifying for double time. The flat monthly "salary" did not account for any of those hours.

71. Because the promised lodging was part of Plaintiff's remuneration, her regular rate of pay included the value of that lodging and exceeded the $22 hourly rate stated on her wage statements. Computed on the correct regular rate, Mao LLC's and An's unpaid overtime for the 2023 Employment totals approximately $16,815.82, subject to proof.

72. Mao LLC and An did not schedule or provide compliant meal periods. Because of the Restaurant's understaffing and the workload assigned to Plaintiff, her meal periods were cut short, interrupted, delayed, or missed entirely. On days she worked in excess of ten hours, Plaintiff received no second meal period; she simply continued working until she was done for the day. Plaintiff signed no meal-period waiver. Mao LLC and An paid no meal-period premiums. Unpaid meal-period premiums for the 2023 Employment total approximately $2,255.84, subject to proof.

73. Mao LLC and An withheld portions of the gratuities that customers left for Plaintiff. Plaintiff was paid approximately $500 in tips against an estimated entitlement of approximately $1,510, leaving approximately $1,010 unpaid, subject to proof from Mao LLC's and An's records.

74. At management's direction, Plaintiff also made approximately ten off-site trips to purchase food and supplies for the Restaurant, approximately five during the 2022 Employment and five during the 2023 Employment, each requiring approximately thirty minutes. That time was not recorded and not paid.

75. Mao LLC and An did not record Plaintiff's actual clock-in and clock-out times or the start and end times of her first and second meal periods, in violation of the recordkeeping requirements of the applicable IWC Wage Order and Labor Code section 1198.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

**D. Wage Statements**

76. The itemized wage statements Mao LLC and An furnished to Plaintiff and to the Wage-Statement Subclass during the one-year period were uniform in format and were incomplete and inaccurate in the following respects, each of which is a violation of Labor Code section 226(a):

(a) They did not state the correct gross wages earned, because they omitted wages for unrecorded hours and meal-period premiums. Lab. Code section 226(a)(1).

(b) They did not state the total hours actually worked, because Mao LLC and An did not record all hours worked. Lab. Code section 226(a)(2).

(c) They did not state the correct net wages earned, for the same reasons. Lab. Code section 226(a)(5).

(d) They did not state the inclusive dates of the pay period. Each statement contained a line reading "Pay Period:" followed by a single date, and did not state when the pay period began and ended. Lab. Code section 226(a)(6).

(e) They did not state the accurate number of hours worked at each applicable hourly rate, and stated an hourly rate of $22 that did not reflect the promised $7,000 monthly compensation plus the value of lodging. Lab. Code section 226(a)(9).

77. The statements also omitted the additional hour of pay owed under Labor Code section 226.7 for each day a compliant meal period was not provided. Both the credited hour and the corresponding premium pay must be reported on the wage statement, and the failure to do so deprived Plaintiff of the information needed to evaluate whether she was correctly paid. See *Naranjo v. Spectrum Security Services, Inc.*, 13 Cal. 5th 93, 120 (2022); Lab. Code section 226(e)(2)(B).

78. These omissions were knowing and intentional. Mao LLC and An controlled the payroll and timekeeping systems, knew that work was being performed beyond the reported hours, and knew that meal-period premiums were owed and unpaid.

**E. Untimely Payment of Wages**

79. Mao LLC and An failed to pay wages within the periods required by Labor Code section 204. Wages earned by Plaintiff between April 16 and April 30, 2023 were due and payable

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

between May 1 and May 10, 2023. Mao LLC and An instead paid a portion of those wages on May 17, 2023. Mao LLC and An never paid any wages for the period April 13 through April 16, 2023, and continue to withhold them to this day.

80. Mao LLC and An maintained a company-wide practice of paying departing employees their final wages on the next regular pay cycle rather than within the periods required by Labor Code sections 201 and 202. Plaintiff's 2023 Employment ended on May 31, 2023, and Mao LLC and An did not provide her final paycheck until June 5, 2023. That paycheck did not include her earned overtime wages, minimum wages, or meal-period premiums, which remain unpaid.

81. On information and belief, Mao LLC and An applied the same timekeeping, payroll, wage-statement, meal-period, gratuity, and final-pay practices to all of the Restaurant's nonexempt hourly employees, and class members were underpaid in one or more of the same ways as Plaintiff. Mao LLC and An have not produced the records that would quantify those amounts. Plaintiff will amend or supplement upon production of the payroll and time records, or upon an order deeming the issue established.

## THE TRANSFER OF THE RESTAURANT BUSINESS

82. At the time of the transfer, Plaintiff had performed the labor and earned the compensation alleged above, and the State Action was pending. Plaintiff and similarly situated employees therefore held "claims," and were "creditors," within Civil Code section 3439.01 whether their rights were disputed, contingent, unliquidated, unmatured, or not reduced to judgment.

83. By March 2024, Mao LLC, An, and SMCC through An knew that Plaintiff asserted substantial individual and class wage claims against Mao LLC.

84. On or about March 12, 2024, counsel then representing Mao LLC and the individual defendants in the State Action told Plaintiff, through her counsel, that the Restaurant would close "instead of selling it," and that An and Mao LLC would have no assets in California. The Settling Defendants have admitted the communication in this action, quoting it in full: "my client's desperate financial situation requires closing the restaurant for good, instead of selling it, in April of this year. I hope you would understand it. However, my clients wish to resolve this matter with

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

the same $10,000 offer to Plaintiff before it is too late to keep any money. My clients would not have any assets in the state of California once Mao Izakaya closes in April." (ECF No. 125 ¶¶ 3, 92.) The same Defendants admit that, instead, "the restaurant was purchased" (id. ¶ 3). Twenty-four days later the business was sold. The representation was false when made or became false within days, and it was made to induce Plaintiff to accept $10,000 for claims the Settling Defendants later valued, in a joint filing with the state court, at $80,000 or more.

85. A written Business Purchase Agreement and Joint Escrow Instructions dated April 5, 2024 documented an offer by Defendant Micha Oh, identified in the agreement as an individual, to purchase the business described in that agreement as the business of SMCC Group LLC, also known as MAO Izakaya & Sushi Restaurant, at 7222 Regional Street, Dublin, California, for $270,000 plus approximately $20,000 for inventory. It required a $20,000 initial deposit, an increased deposit of $100,000, and a closing within approximately 60 days.

86. An personally signed the April 5 agreement as SMCC's authorized signer. The document treated SMCC, rather than Mao LLC, as seller of the Mao-branded Restaurant even though Mao LLC owned and operated the Restaurant, held its ABC license, and employed the workers. On information and belief, Mao LLC's business rights had been shifted to or through SMCC without reasonably equivalent value to Mao LLC, and the SMCC designation obscured the identity of the actual owner and transferor.

87. The agreement transferred substantially all assets of the business. Under its terms the buyer purchased all assets except cash on deposit, including machinery, furniture, fixtures, equipment, leasehold improvements, transferable licenses and permits, customer lists, fictitious business names, trade names and trademarks, goodwill, signs, telephone numbers, websites, social media accounts, and employee lists and information. The alcoholic-beverage license was separately and expressly designated as an included asset.

88. The agreement assumed no liabilities. Its liabilities provision (paragraph 3.N(3)) states that the buyer is "NOT purchasing any liabilities of the Business EXCEPT items checked below," and no item was checked. The transferee therefore took the entire operating business while

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

every obligation of the transferor, including the wage obligations owed to Plaintiff and the putative class, was left behind in an entity with no remaining assets.

89. The agreement provided for payment of $270,000: a $20,000 initial deposit, a $100,000 increased deposit, and a $150,000 balance carried by the seller and payable after closing in installments of $100,000 on September 20, 2024 and $50,000 on January 20, 2025. On information and belief, those post-closing installments were paid to or for the benefit of SMCC and An outside of any escrow, and outside any process at which a creditor of Mao LLC could have appeared.

90. The agreement required the seller to comply with the Bulk Sales provisions of Division 6 of the California Uniform Commercial Code and, if the sale involved the transfer of a liquor license, with California Business and Professions Code section 24074. It further provided that escrow shall not close, and no funds shall be transferred to the seller, until the escrow holder is advised by the Department of Alcoholic Beverage Control that the license transfer has been approved. It identified Hana Escrow Company, Inc. as the escrow holder.

91. The seller disclosures called for under the agreement included employee lists and employee information and employment withholding returns for the years 2022 through 2024. The transferee therefore received, or was entitled to receive, the identity and payroll history of the very workforce whose unpaid wages are at issue in this action.

92. No notice of the sale was recorded, published, or given to Plaintiff or to other employee creditors, and no creditor-claim process of any kind was conducted before the business and its proceeds changed hands. Plaintiff does not allege that ABC approved a transfer of license No. 640118, and she asserts no claim under the ABC license-transfer statutes in this pleading.

93. Public ABC records through at least October 24, 2024 continued to identify Mao LLC as the active holder of license No. 640118 and reflected no license-transfer escrow. ABC records in late October and early November 2024 identified Oh Dublin's license No. 664100 as a pending Type 47 application derived from a third-party license, No. 600718, rather than from Mao's license. Escrow instructions produced by HEC in August 2026 (ECF No. 118-1) identify Mao LLC—not SMCC—as seller and Oh Dublin—not Micha Oh—as buyer of the business at 7222 Regional

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

Street, state a purchase price of $190,000 and approximately $20,000 for inventory, both "paid outside of escrow," state that the seller gave the buyer possession on April 16, 2024, and state that the transaction did not include a transfer of the seller's existing liquor license; an allocation of purchase price in the same file bears the signatures of An as Mao LLC's manager and Jiwoon Yang as Oh Dublin's director. The complete escrow file, including the disbursement ledger, the source of the deposits, and any assignment or nomination instrument, remains a subject of discovery.

94. These facts are pleaded as evidence of successor continuity, of the identity of the true transferor and transferee, and of concealment, knowledge, and participation—not as a standalone statutory claim. Because no notice of the sale was given, Plaintiff had no opportunity to assert her claim against the business or its proceeds before they changed hands.

95. Oh Dublin was incorporated on April 10, 2024, five days after the purchase agreement, using 7222 Regional Street as its business address—facts Oh Dublin, Yang, and Moon have admitted (ECF No. 115 ¶¶ 104, 203, 218)—and was given possession of the business on April 16, 2024. Oh Dublin has also admitted that it "acquired the business" (id. ¶ 214) and "operated a restaurant known as Akuma Bay at 7222 Regional Street" (id. ¶¶ 104, 201). By May 24, 2024, the Restaurant was open under a "New Ownership" sign while still displaying Mao exterior and menu materials, issuing receipts reading "MAO (AKUMA BAY)" with the same address and telephone number, and displaying Mao LLC's seller's permit at the point of sale. By August 31, 2024, it operated as Akuma Bay at the same premises with the same interior, equipment, menu, and bar service, and on October 29, 2024 Plaintiff's site investigation documented the sale of Sapporo Draft there on an "AKUMA BAY" receipt bearing the same address and telephone number, while public ABC records continued to identify Mao LLC as the active licensee and showed no active license issued to Oh Dublin. Plaintiff does not allege an ABC-approved transfer of license No. 640118; the authority, if any, under which alcoholic beverages were sold at the premises during that period is a matter within Defendants' and ABC's records.

96. The April 5 agreement permitted the buyer to assign or nominate an entity. Within ten days, the transaction was re-papered in escrow with Oh Dublin—incorporated on April 10—as buyer and Mao LLC as seller, at a stated price of $190,000 "paid outside of escrow" rather than the

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

$270,000 stated in the April 5 agreement. The escrow's final meeting was with Micha Oh; its correspondence went to her; and the landlord identified her as the tenant. On information and belief, Micha Oh assigned, nominated, or permitted the rights acquired under the agreement to be used by Oh Dublin while retaining the beneficial interest in the business, or acted as nominee for the acquiring group. The assignment instruments, funding, communications, and beneficial-ownership records are within Defendants' and third parties' possession.

97. The allocation of title, consideration, and proceeds among Mao LLC, SMCC, An, Micha Oh, Oh Dublin, and other participants is peculiarly within their control. On information and belief, Mao LLC did not receive or retain reasonably equivalent value; proceeds were directed to SMCC, An, or their designees; and no adequate reserve was retained for employee creditors.

98. The transaction disposed of substantially all of Mao LLC's operating assets, left all liabilities behind, occurred while the wage action was pending, and was not disclosed to Plaintiff through the required notice. Mao LLC ceased operating and was left unable to satisfy its debts.

99. SMCC's knowledge and conduct are pleaded through An. An knew of the State Action, signed the agreement for SMCC, caused SMCC to be presented as seller of Mao LLC's business, and participated in the decision not to identify Mao LLC as seller or reserve proceeds for its employee creditors.

100. Micha Oh's knowledge and role are pleaded on the records described above and on information and belief. The buyer agreed to acquire the Mao-branded operating business, its alcoholic-beverage license, employee lists and information, and employment withholding returns; accepted a transaction that assumed no liabilities; agreed to statutory bulk-sale and license-transfer procedures; attended the escrow's final meeting; was identified to the landlord as the tenant; and participated in the acquisition and the ensuing placement or use of the business by Oh Dublin. The due-diligence, broker, escrow, financing, and assignment communications establishing actual knowledge are within Defendants' and third parties' possession.

101. Oh Dublin, Yang, and Moon formed and used Oh Dublin at the Restaurant address, took possession of the business on April 16, 2024, accepted or used the business assets, and continued the same enterprise, including its bar service, at the same premises. Yang and Moon

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

admit that they are Oh Dublin's sole shareholders, directors, and officers (ECF No. 115 ¶¶ 45, 204), and Oh Dublin admits that it was formed at the Restaurant's address and acquired the business (id. ¶ 214); the formation, acquisition, and operation of Oh Dublin were therefore their acts. On information and belief, they knew of the transfer structure and the employee liabilities through acquisition due diligence, employee and payroll materials, and communications with An, SMCC, Micha Oh, the broker, the landlord, the escrow holder, and accountants.

102. The January 8, 2026 communication from the Settling Defendants' counsel concerning the An-Kim dissolution is alleged only in support of the breach-of-settlement claim. Plaintiff asserts no transfer, distribution, alter-ego, or wage-employer claim against Kim, Hwang, or Lin.

103. The precise agreements, assignments, payments, escrow records, account information, approvals, and communications are not public and remain within Defendants' and third parties' exclusive or superior possession. Plaintiff pleads the transaction details on information and belief based on the April 5 agreement, the escrow records produced to date, public filings and ABC records, Defendants' admissions in their answers, the timing and continuity of operations, and Defendants' control of the confirming evidence.

## RULE 23 CLASS ALLEGATIONS

104. Plaintiff brings Causes One through Nine under Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of the following "Wage Class": all persons employed by Mao LLC as nonexempt, hourly-paid employees at the Restaurant from July 24, 2019 through April 15, 2024.

105. Plaintiff proposes a "Wage-Statement Subclass" consisting of Wage Class members who received at least one itemized wage statement from Mao LLC from July 24, 2022 through April 15, 2024.

106. Plaintiff also proposes a "Pre-Transfer Employee Subclass" consisting of Wage Class members who worked for Mao LLC on or before April 5, 2024. Causes Thirteen through Fifteen are

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

asserted on behalf of that subclass to the extent members held accrued wage, premium, gratuity, penalty, or related compensation rights impaired by the same transfer.

107. The wage causes are asserted against Oh Dublin as Mao LLC's successor. They are not asserted against the Settling Defendants, for the reasons stated above. Yang and Moon are not alleged direct employers in those counts; their potential liability is derivative through the separately pleaded alter-ego theory.

108. Plaintiff's settlement claims and recovery are individual. Absent class members were not parties to the Agreement, received no consideration, released nothing, and will not have any recovery reduced by payments made to Plaintiff. The Consideration has been paid in full and is credited against Plaintiff's individual recovery only.

109. Numerosity. Mao LLC employed approximately seventy to eighty employees, and the proposed classes are estimated to include more than sixty persons. Joinder is impracticable, and class members are identifiable from payroll and employment records.

110. Commonality and predominance. Common wage questions include whether Mao LLC used uniform timekeeping, payroll, wage-statement, meal-period, gratuity, and final-pay practices. Common successor and transfer questions—several of which are already resolved by Defendants' admissions that the Restaurant was purchased, that Oh Dublin was formed five days later at the Restaurant's address, that it acquired the business, and that it operated Akuma Bay at the same premises—include what business was acquired; who the true transferor and transferee were; whether Oh Dublin continued Mao LLC's enterprise; what assets and value changed hands; whether creditors received notice; who received the proceeds; whether the transfer was voidable; and whether SMCC, Micha Oh, and the Second Group Defendants knowingly participated.

111. Typicality. Plaintiff worked as a nonexempt hourly employee under the same practices, held accrued compensation claims before the transfer, sued before the transaction occurred, and alleges that her collection rights were impaired by the same transfer and successor structure. Her claims arise from the same course of conduct and legal theories as the classes' claims.

112. Adequacy. Plaintiff will fairly and adequately protect the classes. Her individual settlement with the Settling Defendants did not release class members or reduce their claims. She

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

retains unreleased individual claims against Oh Dublin for the unsatisfied balance of her wage claims and for her FLSA claim, retains creditor claims against Mao LLC, and must prove the same underlying wage practices, successor status, and transfer facts that benefit the classes; her incentives are aligned with theirs. The Settling Defendants' failure to mail the paragraph 1 notice has deprived former employees of information about their rights; Plaintiff is seeking performance of that obligation and, through it, the participation of additional class members as representatives if the Court finds that appropriate. Plaintiff has retained counsel experienced in wage-and-hour and complex litigation. Any individual recovery will be credited only against Plaintiff's own recovery.

113. Superiority. Common records and transaction evidence predominate, class members' individual claims are modest relative to litigation costs, current and former restaurant employees may reasonably fear retaliation or employment consequences, and class treatment avoids inconsistent adjudications.

114. Rule 23(b)(2) is appropriate for common declaratory and injunctive relief concerning successor status, preservation and restoration of transferred property, accounting, and restrictions on further disposition. Rule 23(b)(3) is appropriate for common monetary and restitutionary relief.

115. Plaintiff reserves the right to refine definitions, propose subclasses, and seek addition or substitution of another representative based on discovery and notice, without conceding that any such addition is presently required.

## CLAIMS AND ALLOCATION OF LIABILITY

116. Causes One through Ten are asserted against Oh Dublin as Mao LLC's successor, individually and (Causes One through Nine) on behalf of the proposed classes; Mao LLC's and An's conduct is alleged in those causes as the predicate for the successor's liability, and no relief is sought on them against the Settling Defendants. Cause Eleven is Plaintiff's individual claim against Mao LLC, An, Lin, and Hwang (pending the order on ECF No. 144), arising from the Settlement Agreement. Cause Twelve is asserted against Oh Dublin, Jiwoon Yang, and Chi Young Moon to establish the successor and alter-ego liability on which Causes One through Ten depend, individually and on behalf of the proposed classes. Causes Thirteen through Fifteen are asserted

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

individually and, where appropriate, on behalf of the Pre-Transfer Employee Subclass. Cause Sixteen is asserted against An only, individually and, where appropriate, on behalf of the Pre-Transfer Employee Subclass to the extent of assets An actually received. Plaintiff seeks one satisfaction only, and her individual recovery on Causes One through Ten is subject to a single credit of the $50,000 she has received.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code Sections 510 and 1198 – Unpaid Overtime**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

117. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

118. Labor Code section 1198 makes it unlawful to employ a person under conditions of labor prohibited by the applicable IWC Wage Order. The applicable Wage Order and Labor Code section 510 require compensation at one and one-half times the regular rate for hours worked in excess of eight in a day or forty in a week, and for the first eight hours on the seventh consecutive day of work, and at twice the regular rate for hours in excess of twelve in a day or in excess of eight on the seventh consecutive day.

119. The regular rate includes all remuneration paid to or on behalf of the employee, including nondiscretionary bonuses, incentive pay, and the value of lodging.

120. Mao LLC and An suffered or permitted Plaintiff and Class members to work in excess of eight hours in a day, in excess of twelve hours in a day, and in excess of forty hours in a week, and failed to record those hours or to pay overtime at the required rates. During the 2023 Employment alone, Plaintiff worked approximately 186.6 overtime hours at the one-and-one-half-time rate and approximately 31.5 hours at the double-time rate, none of which was paid.

121. Mao LLC's and An's understaffing and workload practices caused Plaintiff and Class members to perform work off the clock and during meal periods. Because Plaintiff and Class

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

members regularly worked shifts of eight hours or more and weeks of forty hours or more, that off-the-clock work qualified for overtime premium pay.

122. Plaintiff and Class members are entitled to unpaid overtime wages, prejudgment interest, and attorneys' fees and costs under Labor Code section 1194(a).

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code Sections 1182.12, 1194, 1197, 1197.1, and 1198 – Unpaid Minimum Wages**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

123. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

124. Payment of less than the minimum wage fixed by the IWC is unlawful. Compensable time includes all time during which the employee is subject to the control of the employer and all time the employee is suffered or permitted to work, whether or not required to do so. Cal. Code Regs., tit. 8, section 11050(2)(K).

125. During the 2022 Employment, Mao LLC and An hired Plaintiff, exercised control over her, and suffered and permitted her to work approximately eight hours per day for approximately four and one-half months while the Restaurant was under construction, but paid her only approximately $8,100, an amount that covered only the agreed lodging value and provided no compensation for the hours she remained subject to Mao LLC's and An's control. She was thereby paid less than the applicable minimum wage for those hours.

126. During the 2023 Employment, Mao LLC and An failed to pay at least the minimum wage for off-the-clock work, for unrecorded supply trips, and for time worked during meal periods.

127. Plaintiff and Class members are entitled to unpaid minimum wages, liquidated damages in an equal amount under Labor Code section 1194.2, interest, and attorneys' fees and costs under section 1194(a).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## THIRD CAUSE OF ACTION

**Violation of California Labor Code Sections 226.7, 512(a), and 1198 – Meal-Period Violations**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

128. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

129. Labor Code section 512(a) prohibits an employer from requiring, causing, or permitting an employee to work more than five hours per day without providing a meal period of at least thirty minutes, and requires a second meal period of at least thirty minutes for shifts exceeding ten hours. Labor Code section 226.7 prohibits requiring an employee to work during a mandated meal period and requires payment of one additional hour of pay at the regular rate for each workday a compliant meal period is not provided.

130. Mao LLC and An systematically understaffed the Restaurant and assigned workloads that prevented Plaintiff and Class members from taking timely, uninterrupted, duty-free meal periods. Plaintiff worked through her meal periods, had them interrupted, had them cut short, and waited extended periods before taking them. During the 2023 Employment she was at times the only person working in the kitchen.

131. On days Plaintiff worked in excess of ten hours she received no second meal period and continued working until she was finished for the day.

132. Plaintiff and Class members signed no valid meal-period waivers, and were not relieved of all duty on the days alleged.

133. Mao LLC and An knew or should have known that their staffing and workload practices required Plaintiff and Class members to work during meal periods, and knew or should have known that no meal-period premiums were being paid.

134. Plaintiff and Class members are entitled to one additional hour of pay at the regular rate for each workday on which a compliant meal period was not provided. Plaintiff's unpaid meal-period premiums for the 2023 Employment total approximately $2,255.84, subject to proof.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code Sections 226(a) and 1198 – Noncompliant Wage Statements**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

135. Plaintiff incorporates by reference each preceding paragraph, and paragraphs concerning wage statements in particular. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

136. Labor Code section 226(a) requires every employer to furnish an accurate itemized statement showing, among other things, gross wages earned, total hours worked, net wages earned, the inclusive dates of the period for which the employee is paid, and the applicable hourly rates and the corresponding number of hours worked at each rate.

137. Mao LLC and An knowingly and intentionally furnished Plaintiff and the Wage-Statement Subclass with uniform statements that violated Labor Code sections 226(a)(1), 226(a)(2), 226(a)(5), 226(a)(6), and 226(a)(9), in the specific respects alleged above, and that omitted the credited hour and premium pay owed under section 226.7.

138. Those omissions deprived Plaintiff and Subclass members of the information needed to determine promptly and easily whether they had been correctly paid, and caused injury within Labor Code section 226(e)(2)(B).

139. Mao LLC and An also failed to keep accurate records of the times Plaintiff and Subclass members began and ended each work period and each meal period, as required by the applicable IWC Wage Order and Labor Code section 1198.

140. Plaintiff and Subclass members are entitled to the greater of actual damages or the statutory penalties provided by Labor Code section 226(e), up to an aggregate of $4,000 per employee, together with injunctive relief under section 226(h) and attorneys' fees and costs under section 226(e)(1).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## FIFTH CAUSE OF ACTION

## Violation of California Labor Code Sections 201, 202, and 203 – Wages Not Timely Paid Upon Termination

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

141. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

142. Labor Code section 201 requires that wages earned and unpaid at the time of discharge be paid immediately, and section 202 requires payment within seventy-two hours when an employee quits without notice.

143. Mao LLC and An terminated Plaintiff's 2022 Employment on or about October 21, 2022 and did not pay her earned and unpaid wages at the time of discharge or within seventy-two hours afterward. Those wages remain unpaid.

144. Mao LLC and An terminated Plaintiff's 2023 Employment on or about May 31, 2023 and did not provide her final paycheck until June 5, 2023. That paycheck omitted her earned overtime wages, minimum wages, and meal-period premiums, which remain unpaid.

145. Mao LLC and An maintained a company-wide practice of paying departing employees on the next regular pay cycle rather than within the statutory periods, and willfully failed to pay former employees their earned overtime wages, minimum wages, and meal-period premiums at separation.

146. Plaintiff and Class members are entitled to waiting-time penalties at their daily rate of pay for up to thirty days under Labor Code section 203, together with interest and attorneys' fees as provided by law.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## SIXTH CAUSE OF ACTION

## Violation of California Labor Code Sections 204 and 210 – Wages Not Timely Paid During Employment

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

147. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

148. Labor Code section 204 requires that wages earned between the first and fifteenth days of a month be paid between the sixteenth and twenty-sixth of that month, and that wages earned between the sixteenth and the last day of a month be paid between the first and tenth of the following month. Wages for labor in excess of the normal work period must be paid no later than the payday for the next regular payroll period.

149. Wages Plaintiff earned between April 16 and April 30, 2023 were due between May 1 and May 10, 2023. Mao LLC and An paid only a portion of those wages, and did so on May 17, 2023. Mao LLC and An never paid any wages for the period April 13 through April 16, 2023.

150. Mao LLC and An willfully failed to pay Plaintiff and Class members all wages due within the periods prescribed by section 204, including overtime wages, minimum wages, and meal-period premiums.

151. Plaintiff and Class members are entitled to the statutory penalties provided by Labor Code section 210 and other applicable law.

## SEVENTH CAUSE OF ACTION

## Conversion of Gratuities; California Labor Code Sections 350 and 351

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

152. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

153. Labor Code section 351 provides that no employer or agent shall collect, take, or receive any gratuity or part of a gratuity paid, given to, or left for an employee by a patron, and declares every gratuity to be "the sole property of the employee or employees to whom it was paid, given, or left for." Gratuities paid by credit card must be paid to the employee in full, without deduction for processing fees, no later than the next regular payday.

154. By operation of section 351, the gratuities left for Plaintiff and Class members were their identifiable personal property from the moment the patron left them. This claim is limited to gratuities and is not a claim for the conversion of unpaid wages generally.

155. Mao LLC, An, and their agents collected, took, received, retained, or failed to distribute portions of those gratuities, and thereby substantially interfered with Plaintiff's and Class members' ownership of specific, identifiable sums. Plaintiff received approximately $500 against an entitlement of approximately $1,510.

156. Plaintiff and Class members are entitled to the amounts converted, interest, any profits Mao LLC and An derived from the conversion, and restitution. Because the conversion was carried out in conscious disregard of Plaintiff's and Class members' rights and for the purpose of increasing Mao LLC's and An's profits, it constitutes oppression, fraud, or malice within California Civil Code section 3294, and Plaintiff seeks punitive damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## California Penal Code Section 496(c)

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

157. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

158. Penal Code section 487m, effective January 1, 2022, provides that the intentional deprivation of wages, gratuities, benefits, or other compensation by unlawful means, with knowledge that the compensation is due to the employee, constitutes theft of wages punishable as

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

grand theft where the amount exceeds $950 as to any one employee, or $2,350 in the aggregate as to two or more employees, in any consecutive twelve-month period. All of the conduct alleged in this cause of action occurred after that section took effect.

159. Penal Code section 496(a) applies to any person who receives property that has been obtained in any manner constituting theft, knowing the property to be so obtained, or who conceals, withholds, or aids in concealing or withholding such property from the owner. Section 496(c) entitles any person injured by such conduct to three times the actual damages, costs of suit, and reasonable attorneys' fees. Section 496(c) is not limited to the trafficking of stolen goods and applies where property has been obtained in any manner constituting theft. See *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 349-62 (2022).

160. Because section 487m defines the intentional deprivation of earned wages and gratuities as theft, the wages and gratuities withheld from Plaintiff and Class members are property obtained in a manner constituting theft within section 496(a), and the contrary reasoning of decisions predating section 487m does not govern this conduct.

161. Mao LLC and An intentionally deprived Plaintiff and Class members of earned wages and gratuities by unlawful means, knowing that those amounts were due. They did so knowingly and for the purpose of increasing their own profits, and not through mistake, inadvertence, or a good-faith dispute. The amounts intentionally withheld from Plaintiff alone exceed $950 and, as to the Class, exceed $2,350 in the aggregate within a consecutive twelve-month period.

162. Mao LLC and An thereafter received, concealed, withheld, and aided in withholding that property from Plaintiff and Class members while knowing how it had been obtained, including by retaining the withheld amounts in Mao LLC's accounts, by using them in the operation of the Restaurant, and by transferring the Restaurant business without reserving funds to satisfy the claims.

163. Plaintiff and Class members are entitled to three times their actual damages, costs of suit, and reasonable attorneys' fees under Penal Code section 496(c).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

**NINTH CAUSE OF ACTION**

**Violation of California Business and Professions Code Sections 17200 et seq.**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

164. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

165. The practices alleged above—failing to record all hours worked, failing to pay overtime and minimum wages, failing to provide compliant meal periods or to pay premiums, furnishing noncompliant wage statements, failing to pay wages timely during employment and at separation, and collecting or retaining gratuities—violate the Labor Code and the applicable IWC Wage Order and therefore constitute unlawful business acts and practices within Business and Professions Code section 17200.

166. Those practices are independently unfair. Their harm to Plaintiff, Class members, and law-abiding competitors is substantial, is not outweighed by any countervailing benefit, and could not reasonably have been avoided by employees who were not given accurate records of their own hours and pay.

167. Plaintiff has suffered injury in fact and lost money or property as a result. She seeks restitution of the wages and gratuities Mao LLC and An unlawfully withheld and retained during the four years preceding the filing of this action as tolled, injunctive relief, appointment of a receiver if appropriate to administer and distribute wrongfully retained funds, interest, and attorneys' fees under Code of Civil Procedure section 1021.5.

**TENTH CAUSE OF ACTION**

**Fair Labor Standards Act – 29 U.S.C. Sections 207 and 216(b) (Individual)**

*(Against Oh Dublin, Inc., as Successor to Mao Izakaya & Sushi LLC)*

168. Plaintiff incorporates by reference each preceding paragraph. Oh Dublin is liable for the obligations alleged in this cause as Mao LLC's successor, as alleged in the Twelfth Cause of Action; no relief is sought on this cause against Mao LLC or An.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

169. Mao LLC and An were employers within 29 U.S.C. section 203(d), and Plaintiff was an employee within section 203(e). Oh Dublin is liable as successor under the equitable federal-successor principles recognized for FLSA claims: the same business continued at the same premises with the same operations and workforce, the successor took the business with notice of the pending employee claims, and the predecessor is unable to provide relief. See *Steinbach v. Hubbard*, 51 F.3d 843, 845-848 (9th Cir. 1995). Oh Dublin admits that it acquired the business and operated Akuma Bay at the same premises (ECF No. 115 ¶¶ 201, 214).

170. Mao LLC was an enterprise engaged in commerce or in the production of goods for commerce within 29 U.S.C. section 203(s)(1)(A): it had two or more employees handling goods, materials, and supplies that had moved in interstate commerce, including food, beverages, kitchen equipment, and packaging, and its annual gross volume of sales made or business done was not less than $500,000. In the alternative, Plaintiff was individually engaged in commerce or in the production of goods for commerce.

171. Mao LLC and An failed to pay Plaintiff one and one-half times her regular rate for hours worked over forty in a workweek, including unrecorded off-the-clock work and supply trips, and failed to maintain accurate records required by 29 U.S.C. section 211(c).

172. The violations were willful because Mao LLC and An knew of or showed reckless disregard for their obligations and deliberately failed to record hours actually worked.

173. Plaintiff brings this cause individually only and seeks unpaid overtime, an equal amount as liquidated damages, and reasonable attorneys' fees and costs. She does not seek collective certification or notice.

**INDIVIDUAL CLAIM**

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## ELEVENTH CAUSE OF ACTION

**Breach of Settlement Agreement – Late Payment, Nonperformance of Notice Obligation, and Contractual Fees (Individual)**

*(Against Mao Izakaya & Sushi LLC, Anthony An, Heyou R. Lin, and Changha Hwang, pending an order on ECF No. 144)*

174. Plaintiff incorporates by reference each preceding paragraph.

175. The Settlement Agreement attached as Exhibit A is a valid written contract. Each Settling Defendant signed personally or through an authorized representative. The Settling Defendants have admitted its execution in counterparts on the dates alleged, the terms of paragraph 1, the joint rule 3.770 motion and the state court's November 25, 2025 order, and that by assenting to the Agreement An and Kim represented that they then intended to cause the promised payment to be made in accordance with its terms (ECF No. 125 ¶¶ 15, 16, 20, 179–181). They have further admitted that the $30,000 balance was paid on September 10, 2026—by "An and Kim" (id. ¶¶ 185, 187)—that is, eight months after it was due and after this action and the state enforcement motion were filed. In the State Action they did not challenge the Agreement's validity or dispute their signatures. The Agreement identifies the Consideration and the time for its payment, the former-employee notice obligation, the forum for related actions, the state court's retained enforcement jurisdiction, and the prevailing party's entitlement to actual attorneys' fees and costs.

176. Plaintiff performed. She executed the Agreement, joined the rule 3.770 motion, obtained the November 25, 2025 approval order, refrained from prosecuting the dismissed class claims, released the Settling Defendants, and does not assert the Released Claims against them in this pleading. Her paragraph 4 obligation to deliver an executed request for dismissal as to the parties represented by the Settling Defendants' counsel in the State Action arose upon receipt of the Consideration on September 14, 2026. The Settling Defendants' continuing failure to perform the paragraph 1 notice obligation—a material term of the same paragraph, and one the parties jointly represented to the state court would be performed—suspends that obligation. Plaintiff has requested proof that the former-employee notice was mailed and stands ready to perform the

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

dismissal obligation upon satisfaction of the reciprocal settlement obligations. The parties dispute the effect of the outstanding notice obligation on the timing of paragraph 4 performance.

177. Mao LLC, An, Lin, and Hwang breached paragraph 1 by failing to pay the Consideration when due. The $50,000 was due on January 9, 2026; $20,000 was paid on or about January 10, 2026; and the remaining $30,000 was not paid until September 2026—approximately eight months late, and only after Plaintiff had filed this action and had moved to enforce the Agreement in the State Action. The Settling Defendants admit the September 10, 2026 payment (ECF No. 125 ¶¶ 185, 187), and their own answer confirms that no dissolution judgment excused or reallocated the obligation: they state that the December 23, 2025 Oregon dissolution judgment was set aside on April 29, 2026 (id. ¶¶ 183–184).

178. Mao LLC, An, Lin, and Hwang further breached paragraph 1 by failing to mail the former-employee notice at their sole cost. They have admitted that obligation in this action (ECF No. 125 ¶ 16). The Agreement specifies no time for the mailing, so a reasonable time is allowed by law (Civ. Code § 1657); a reasonable time for mailing a notice whose form was agreed in October 2025, and whose predicate order issued on November 25, 2025, expired long before this pleading. The obligation was independent of payment, was represented to the state court in the joint rule 3.770 motion as part of the settlement, and remains unperformed on the present record despite Plaintiff's direct requests for proof of mailing on September 15 and October 14, 2026.

179. Each of Mao LLC, An, Lin, and Hwang signed or is otherwise a party bound by the Settlement Agreement. Paragraph 1 imposed the payment and notice obligations on the Settling Defendants collectively, and Plaintiff alleges that their undertaking is joint and several. Lin's and Hwang's liability is based on their own written undertaking, not solely on LLC membership; Corporations Code section 17703.04(c) preserves liability on a written guarantee or other contractual obligation entered into by a member. Kim's dismissal under ECF No. 143 does not extinguish the Settlement Agreement. ECF No. 144 provides for Hwang's dismissal without prejudice when the Court enters an order and expressly preserves the Agreement and the remaining Defendants' obligations. Plaintiff does not seek any attorney's fees or costs against Hwang in this federal action inconsistent with the stipulation.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

180. As a direct result of the late payment, Plaintiff was deprived of the use of $30,000 from January 9, 2026 through September 14, 2026. The detriment caused by the breach of an obligation to pay money is fixed by statute as the amount due with interest (Civ. Code § 3302), and where, as here, the contract stipulates no rate, the obligation bears interest at ten percent per annum after breach (Civ. Code § 3289(b)); no contractual interest provision is required. Plaintiff is therefore entitled to damages in the amount of interest at that rate under Civil Code sections 3287(a), 3289(b), and 3302—$2,030.14 computed from January 10 through September 13, 2026—and the Settling Defendants' later payment of the principal did not cure the breach of the time for payment. Plaintiff expressly reserved her interest and payment-allocation position in the September 15, 2026 letter and does not concede waiver under Civil Code section 3290; the measure and accrual of any recoverable interest remain subject to adjudication. As a direct result of the unperformed notice obligation, Plaintiff and the former employees for whose benefit the notice was required have been deprived of the information the notice was to provide. Plaintiff seeks specific performance of the notice obligation, or equivalent relief, and damages according to proof.

181. Paragraph 26 entitles the prevailing party in any litigation arising out of, or in any way connected to, the Agreement to actual attorneys' fees and costs, including expert witness costs. Plaintiff obtained payment of the overdue balance only through this action and the State Action enforcement motion, and she will seek any recoverable fees and costs against Mao LLC, An, and Lin by motion after judgment, without seeking fees or costs against Hwang in this federal action contrary to ECF No. 144. Plaintiff does not seek the paragraph 2 remedy in this action, credits the $50,000 she has received, will credit any relief obtained in the State Action, and seeks one satisfaction only. The state court's October 13, 2026 ruling denied summary relief under section 664.6 and did not adjudicate this claim.

## SUCCESSOR AND TRANSFER CLAIMS

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

**TWELFTH CAUSE OF ACTION**

**Successor Liability and Alter Ego**

*(Against Oh Dublin, Inc., Jiwoon Yang, and Chi Young Moon)*

182. Plaintiff incorporates by reference each preceding paragraph.

183. Oh Dublin is Mao LLC's successor. It acquired or received the same Japanese restaurant business at 7222 Regional Street, with continuity of premises, assets, fixtures, equipment, goodwill, customer base, menu or cuisine, operations, personnel, and bar service; it took possession of the business on April 16, 2024, eleven days after the purchase agreement and six days after its own incorporation; it has admitted that "the restaurant was purchased," that it was incorporated five days after the Business Purchase Agreement at the Restaurant's address, that it "acquired the business," and that it "operated a restaurant known as Akuma Bay at 7222 Regional Street" (ECF No. 115 ¶¶ 3, 104, 201, 203, 214, 218); and it did so with notice of the circumstances giving rise to the pending employee claims.

184. Successor liability attaches under one or more independent theories: express or implied assumption; de facto merger; mere continuation; transfer of substantially all assets for inadequate value without provision for creditors; fraudulent purpose; and federal equitable successorship under the FLSA. The transaction's form and intermediate steps do not defeat liability where the same enterprise continued.

185. Continuity is supported by Oh Dublin's incorporation five days after the purchase agreement at the Restaurant address, its possession of the business six days later, its operation of the Restaurant under a "New Ownership" sign with Mao's menu materials, receipts, and seller's permit still in use, its continued operation of the same restaurant and bar at the same premises as Akuma Bay, its receipt of the workforce's employee lists and payroll information under the purchase agreement, and the objective continuity evidence described above. The predecessor, Mao LLC, has ceased operating and is unable to provide relief.

186. Jiwoon Yang and Chi Young Moon have admitted that they are Oh Dublin's sole shareholders, directors, and officers (ECF No. 115 ¶¶ 45, 204). Every act of Oh Dublin alleged in this pleading—its formation at the Restaurant's address, its acquisition of the business, and its

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

operation of Akuma Bay—was therefore directed by one or both of them. On information and belief, they undercapitalized Oh Dublin for known or reasonably foreseeable successor liabilities, used personal funds or accounts in the acquisition, failed to maintain meaningful separateness, and used the corporate form to receive the enterprise without its employee obligations.

187. There is such a unity of interest and ownership between Oh Dublin and Yang and Moon that their separate personalities no longer exist, and adherence to separate corporate existence would sanction an inequitable result by leaving the operating assets in one entity and the liabilities in an emptied predecessor. The corporate and personal financial records necessary to prove or refute these allegations remain within Defendants' possession.

188. Plaintiff seeks declarations of successor and alter-ego liability and judgment holding Oh Dublin responsible for the underlying wage and FLSA obligations alleged in Causes One through Ten—including the attorneys' fees and costs recoverable on those obligations under Labor Code sections 218.5, 226(e), and 1194, Penal Code section 496(c), and 29 U.S.C. section 216(b)—and holding Yang and Moon responsible to the extent the alter-ego or personal-participation proof supports such relief. No prior adjudication of Mao LLC's liability is required; the predecessor's liability will be established in this action as the predicate for the successor's liability.

## THIRTEENTH CAUSE OF ACTION

### Voidable and Fraudulent Transfer – Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.08, and 3439.12; Common Law

*(Against Mao Izakaya & Sushi LLC, Anthony An, SMCC Group LLC, Micha Oh, and Oh Dublin, Inc.)*

189. Plaintiff incorporates by reference each preceding paragraph.

190. Mao LLC was a debtor. Plaintiff and the Pre-Transfer Employee Subclass were creditors holding claims that arose before the transfer. The Restaurant business, goodwill, leasehold and possessory rights, fixtures, equipment, intellectual-property and customer assets, employee information, and the contractual, operational, and economic benefits of the operating business were Mao LLC assets or interests transferred, used, or continued directly or indirectly through SMCC,

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

Micha Oh, and Oh Dublin. Plaintiff's claims against Mao LLC at the time of the transfer included the wage claims alleged above; her remaining claims against Mao LLC include performance of the notice obligation, contractual attorneys' fees under paragraph 26, and damages for the late settlement payment; and the Pre-Transfer Employee Subclass holds unpaid wage claims that were never compromised.

191. The transfer was made with actual intent to hinder, delay, or defraud employee creditors. Badges include the pending State Action; counsel's admitted March 12 statement that the client's "desperate financial situation" required "closing the restaurant for good, instead of selling it," that the clients wished to resolve the matter "with the same $10,000 offer to Plaintiff before it is too late to keep any money," and that the clients would have no assets in California after the closing (ECF No. 125 ¶¶ 3, 92); the admitted purchase of the Restaurant twenty-four days later (ECF No. 115 ¶ 3; ECF No. 125 ¶ 3); use of SMCC rather than Mao LLC as seller on the April 5 agreement, and of Mao LLC as seller in escrow ten days later; An's signature for SMCC; the substitution, as buyer, of a corporation formed five days after the agreement for the individual named in it; a stated escrow price $80,000 below the price in the agreement, with the price stated to be paid outside escrow; disposition of substantially all operating assets; assumption of no liabilities; the absence of any creditor notice; concealment; inadequate value to Mao LLC; insolvency or unreasonably small remaining assets; and continuation of the same business at the same address.

192. Independently of intent, the transfer is voidable under Civil Code section 3439.04(a)(2) because Mao LLC did not receive reasonably equivalent value and was left with unreasonably small assets or debts beyond its ability to pay, and under section 3439.05 because Mao LLC was insolvent or became insolvent as a result.

193. An caused the transaction to be documented through SMCC with knowledge of the wage claims. SMCC accepted or represented ownership of Mao LLC's operating business and served as named seller without paying reasonably equivalent value to Mao LLC. On information and belief, SMCC received or was designated to receive consideration or benefited from the transfer and is a first transferee or beneficiary under section 3439.08(b).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

194. Micha Oh acquired the business under the April 5 agreement and, on information and belief, transferred, assigned, nominated, or permitted the acquired rights and assets to be used by Oh Dublin while retaining the beneficial interest. Micha Oh and Oh Dublin are first transferees or persons for whose benefit the transfer was made, or subsequent transferees. Their good-faith defense is unavailable to the extent they had actual knowledge of the pending claims or transfer purpose, failed to provide reasonably equivalent value to Mao LLC, or participated in the omission of any creditor process.

195. The common-law principles preserved by Civil Code section 3439.12 supplement the statutory remedies. The UVTA remedies are cumulative and do not exclude damages against knowing participants. See *Optronic*, 108 Cal. App. 5th at 784-785; *Berger v. Varum*, 35 Cal. App. 5th 1013, 1019-1026 (2019).

196. Plaintiff and the subclass were harmed by loss of recourse against the operating enterprise, omission of the creditor-notice and escrow protections, impairment of collection, and expenses incurred to trace and recover the assets and proceeds.

197. Plaintiff seeks avoidance to the extent necessary; attachment; injunction; accounting; preservation and turnover of property or proceeds; receiver relief if appropriate; judgment against first transferees, beneficiaries, and subsequent transferees under sections 3439.07 and 3439.08; compensatory and consequential damages; and punitive damages where authorized, without double recovery.

198. This cause is not asserted against Lin, Jiwoon Yang, or Chi Young Moon as direct transferees on the present record. Their liability, if any, is limited to the separate theories specifically pleaded.

## FOURTEENTH CAUSE OF ACTION

### Civil Conspiracy to Commit Fraudulent Transfer

*(Against Anthony An, SMCC Group LLC, Micha Oh, Oh Dublin, Inc., Jiwoon Yang, and Chi Young Moon)*

199. Plaintiff incorporates by reference each preceding paragraph.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

200. Fraudulent transfer is tortious conduct, and a debtor and persons who agree to conceal or transfer assets to hinder creditors may be jointly liable. *Optronic* holds that California permits conspiracy liability in a fraudulent-transfer action even when a participant is not itself the debtor or statutory transferee.

201. On information and belief, the named Defendants knew of the essential objective—to transfer and continue the Mao Restaurant business without leaving Mao LLC value available for its employee creditors—and agreed to accomplish it through the connected SMCC, Micha Oh, and Oh Dublin steps. The agreement is inferred from coordinated acts, timing, common transaction documents, and the implausibility that the business could be sold to one buyer, re-papered within ten days to a corporation formed for the purpose, funded, placed in possession, reopened, and continued without coordination among the participants.

202. An and SMCC agreed that SMCC would appear as seller of the Mao business. Micha Oh agreed to serve as named buyer and to acquire or nominate the operating rights. Oh Dublin, Yang, and Moon agreed to form and use a corporation at the Restaurant address to receive and continue the enterprise. Each acted with knowledge pleaded above and for the shared purpose of completing the transfer without provision for the employee claims.

203. Overt acts included execution of the April 5 agreement; payment or funding of deposits; use of SMCC as seller; acquisition by Micha Oh; formation of Oh Dublin on April 10 at the Restaurant address, five days after the agreement, and its acquisition of the business—facts Oh Dublin, Yang, and Moon admit (ECF No. 115 ¶¶ 104, 203, 214, 218); substitution of Oh Dublin as buyer and Mao LLC as seller in escrow; assignment, nomination, or transfer of rights; delivery of possession on April 16, 2024; acceptance and use of the business assets; continuation as Akuma Bay; omission of any creditor notice; and concealment of the payment and proceeds trail.

204. The conspiracy was a substantial factor in depriving Plaintiff and the subclass of statutory protections and recourse against the enterprise. Defendants are jointly liable for resulting compensatory and consequential damages and, where malice, oppression, or fraud is proven, punitive damages.

205. This cause is not asserted against Lin.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

## FIFTEENTH CAUSE OF ACTION

### Aiding and Abetting Fraudulent Transfer

*(Against SMCC Group LLC, Micha Oh, Oh Dublin, Inc., Jiwoon Yang, and Chi Young Moon)*

206. Plaintiff incorporates by reference each preceding paragraph.

207. A defendant is liable for aiding and abetting when the defendant has actual knowledge of the primary tort and gives substantial assistance or encouragement. No independent duty is required. *Optronic*, 108 Cal. App. 5th at 784-785.

208. Primary tort. Mao LLC and An committed the actual-intent and common-law fraudulent transfer alleged in the Thirteenth Cause of Action by placing substantially all operating assets beyond employee creditors while leaving the liabilities behind.

209. Knowledge. SMCC's knowledge is established through An's knowledge and signature for SMCC. Micha Oh's and the Second Group Defendants' actual knowledge is alleged on information and belief from the agreement's identification of the Mao business and Mao-held license; the express bulk-sale, section 24074, escrow, and ABC conditions; the required employee and payroll disclosures; the no-liability structure; acquisition due diligence; the escrow's final meeting with Micha Oh and its correspondence with her; the re-papering of the transaction in escrow; and communications with An, SMCC, the broker, the landlord, the escrow holder, and accountants. The confirming communications are exclusively controlled by Defendants and third parties.

210. Substantial assistance. SMCC supplied the false or misleading seller identity and received or directed consideration. Micha Oh executed or accepted the buyer position, supplied or arranged funds, and assigned, nominated, or permitted Oh Dublin to use the acquisition rights. Oh Dublin, Yang, and Moon formed and used the receiving corporation, accepted and operated the assets, and continued the enterprise without creditor provision; they admit the formation, the acquisition, and the operation of Akuma Bay at the premises, and Yang and Moon admit that they are the corporation's only shareholders, directors, and officers (ECF No. 115 ¶¶ 45, 104, 201, 204, 214).

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

211. That assistance was a substantial factor in completing and concealing the transfer and in impairing collection. Plaintiff and the subclass seek compensatory, consequential, and punitive damages according to proof, without double recovery.

212. This cause is pleaded in the alternative to direct transferee liability and does not depend on any named Defendant being a debtor, transferee, or beneficiary within section 3439.08.

**SIXTEENTH CAUSE OF ACTION**

**LLC-Member Distribution and Personal Liability – Corporations Code Sections 17707.07 and 17703.04**

*(Against Anthony An Only)*

213. Plaintiff incorporates by reference each preceding paragraph.

214. Mao LLC dissolved in fact by disposing of substantially all operating assets, ceasing business, and winding up without paying or reserving for the employee claims. Under Corporations Code section 17707.07, a claim may be enforced against a member to the extent of assets distributed to that member upon dissolution. See *CB Richard Ellis, Inc. v. Terra Nostra Consultants*, 230 Cal. App. 4th 405, 413-417 (2014).

215. On information and belief, An received or benefited from transfer consideration, seller-financed installments, proceeds, or Mao LLC property in the windup. His liability under section 17707.07 is limited to the value actually received, to be established through transaction, banking, accounting, and tax records.

216. Separately, Corporations Code section 17703.04(b) preserves common-law alter-ego liability. Mao LLC was undercapitalized for wage obligations, its business was documented as property of an affiliated entity controlled by An, its assets and liabilities were separated inequitably, and respecting separateness would leave creditors with an empty entity while An or affiliates retained the enterprise value.

217. Section 17703.04(c) also preserves liability for An's own tortious conduct and written contractual obligations. An personally directed the wage practices, signed the transfer agreement for SMCC, participated in concealment and transfer, and signed the Settlement Agreement

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

individually and for Mao LLC (admitted, ECF No. 125 ¶¶ 15, 179–181). The Settling Defendants have also admitted that An was a member of Mao LLC (id. ¶ 42) and that An personally caused the $30,000 settlement balance to be paid in September 2026 (id. ¶¶ 185, 187).

218. Plaintiff does not assert a present direct creditor cause under sections 17704.05 or 17704.06. Any claim belonging to Mao LLC under those provisions is reserved for a procedurally proper postjudgment remedy if available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed classes and subclasses, requests judgment as follows:

**A. Class Treatment**

(1) That the Court certify the Wage Class, Wage-Statement Subclass, and Pre-Transfer Employee Subclass under Rule 23; appoint Plaintiff as representative; and appoint Plaintiff's counsel as class counsel;

(2) That class definitions and subclasses be refined as discovery and the interests of absent members require;

**B. Wage, Premium, Restitution, and Statutory Relief**

(3) For unpaid overtime and minimum wages, meal-period premiums, gratuities, waiting-time and wage-statement penalties, timely-payment penalties, liquidated damages, restitution, interest, and all other relief authorized by the Labor Code, IWC Wage Orders, Business and Professions Code, Penal Code section 496(c), and the FLSA, against Oh Dublin as Mao LLC's successor, subject as to Plaintiff's individual recovery to a single credit of $50,000;

(4) For declaratory and injunctive relief concerning unlawful wage, recordkeeping, and wage-statement practices to the extent Plaintiff has standing and such relief remains available;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

**C. Individual Settlement Relief**

(5) On the Eleventh Cause of Action, for specific performance of the former-employee notice obligation or equivalent relief; for damages for the late payment of the Consideration, including interest at the legal rate on $30,000 from January 9, 2026 to September 14, 2026; and for actual attorneys' fees and costs under paragraph 26 of the Settlement Agreement from Mao LLC, An, and Lin, to be determined by motion, but no federal fees or costs from Hwang contrary to ECF No. 144; with one satisfaction only;

**D. Successor, Transfer, and Creditor Relief**

(6) For declarations that Oh Dublin is Mao LLC's successor and that Yang and Moon are, if proven, the alter egos of Oh Dublin;

(7) For declarations that the transfer was voidable or fraudulent; avoidance to the extent necessary; attachment; injunction; accounting; turnover; preservation of property and proceeds; and appointment of a receiver if appropriate;

(8) For judgment under Civil Code section 3439.08 against first transferees, beneficiaries, and subsequent transferees, and compensatory, consequential, and punitive damages against conspirators and aiders and abettors where authorized;

(9) For judgment against An under Corporations Code section 17707.07 limited to assets actually distributed to or received by him, and for alter-ego and personal-participation liability as proven;

**E. General Relief**

(10) For prejudgment and postjudgment interest as permitted by law;

(11) For reasonable attorneys' fees and costs under Labor Code sections 218.5, 226(e)(1), and 1194(a); 29 U.S.C. section 216(b); Penal Code section 496(c); Code of Civil Procedure section 1021.5; paragraph 26 of the Settlement Agreement; and any other applicable law;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

(12) For a declaration interpreting the Settlement Agreement consistently with the single-credit and no-double-recovery provisions above, to the extent necessary to adjudicate the claims;

(13) For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: October 22, 2026

Respectfully submitted,
BHS LAW CORPORATION

/s/ Brian H. Song
Brian H. Song, Esq. (SBN 188662)
Attorney for Plaintiff Mi A Lowe

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309

**EXHIBIT A**

Settlement Agreement and Release (Executed Counterparts)

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)748-3309